William Stade, Administrator of Estate of George Stade, Deceased, Appellee, v. Esther Stade et al., Appellants.

Gen. No. 9,763.

the February term, 1942.       Heard in this court at Opinion filed May 14, 1942. Rehearing denied June 24, 1942.

ROBERT J. BURDETT, of Chicago, and CHARLES C. DONOVAN, of Chicago Heights, for appellants.

KRUSEMARK & KRUSEMARK, of Joliet, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

George Stade died intestate. Appellee, a brother of deceased, was appointed administrator of the estate by the probate court of Will county. The estate was insolvent. The court found a deficiency of $4,678.05 to exist. The deceased owned a farm which was incumbered by a mortgage of $7,500. Appellee filed petition to sell the farm to pay debts. The court ordered him to make sale of the deceased's interest therein as

he found it, that is, subject to the mortgage indebtedness and liens pending against it. At the first sale, the greatest sum that any purchaser was willing to invest in the farm was $8,000. This was insufficient to discharge the debt and liens against the property. The county court refused to approve this sale, as it would in no way benefit the estate. The farm was offered a second time. At this sale a bidder was present who was willing to make a total investment of $9,040. This sum was $620.29 in excess of the debts and liens against the land. The sale was made to this purchaser, approved by the county court, and conveyance issued. Appellee as administrator received the sum of $620.29 and the purchaser proceeded to discharge the debts and liens.

Appellee was of advanced years and without any understanding or experience with the administration of estates. His attorney prepared all papers in connection therewith. He was present with appellee at the sale and in fact acted for him in making same. The attorney also prepared the report of sale, which appellee signed at his direction. An error existed in the report of sale, in that, it indicated that appellee had sold the land for $9,040 and that such sum had come into his hands as the purchase price therefor. When appellee filed his final report, the attorney prepared same charging appellee therein with $620.29 from the sale of the farm. This produced an irregularity between the report of sale and the final report, and resulted in this suit.

Appellant Esther Stade is an heir of deceased. The other two appellants are creditors of the estate. They filed objections to appellee's final report as administrator, based upon the above irregularity between his final report and the report of sale. The probate court overruled the objections. Appellants took an appeal to the circuit court of Will county. On March 1, 1939, appellants took judgment against appellee as on de-

fault, without any setting of the case, and according to appellee and his attorney, without any notice to either of them. The judgment was taken before the Hon. CLAUDE N. SAUM, presiding judge of that court, and was for the full sale price of the land as represented by the report of sale. Upon the expiration of 30 days from the rendition of such judgment, appellee received a letter from appellants' attorneys demanding payment. This was the first notice he had of the action taken in the circuit court.

Appellee thereupon instituted this suit in chancery to set aside and vacate the above judgment and for restraining order against appellants to enjoin them from taking any steps to enforce same. He set up in his complaint the facts regarding the sale of the land and an explanation of the discrepancy between the report of sale and the final report. He alleged that $620.29 was the only money that came into his hands as a result of such sale, and no dispute as to this fact appears to exist. He further sets up that he was ill and confined to his bed from February 14, 1939, to about April 1, 1939; that at no time was he ever notified of a hearing to be had upon the appeal in the circuit court for March 1, 1939, or for any other day; and that he had no notice of the judgment rendered against him on that day until more than 30 days had elapsed, when he received a letter from appellants' attorneys demanding payment of the judgment. He alleges that the judgment was obtained by fraud and misinformation given to the trial court, whereby appellants obtained a default judgment against him, by stating to the judge of said court that his attorney had been duly notified of the proposed hearing. He alleges such statement was erroneous and false, and made for the purpose of misinforming the court; that the court was thereby induced to consider the statement as true and that appellee had abandoned the suit and did not desire to appear at a hearing thereof. It is

charged that the judgment was obtained through fraud, mistake and accident, and that due to the fact appellee was not advised thereof until more than 30 days after its entry, he was unable to secure adequate relief at law.

The testimony of appellee conforms to the allegations of the complaint. His attorney denies that he had any notice or knowledge of the intended action of appellants taken on March 1, 1939. Judge SAUM in his testimony stated that it was his impression that he asked Mr. Burdette, an attorney for appellants, if the estate was represented by counsel and if the executor had been notified. He says that he was placed under the impression by the statements of appellants' counsel that the parties had either been notified or had decided to abandon the appeal. He says that had he known Mr. Bielfeldt was in the case as attorney for appellee, and that it was a contested matter, he would not have proceeded under any circumstances without giving notice to the attorney for appellee. He states that he was not aware of the seriousness of the case or he would not have proceeded with the hearing, and would not have entertained the matter without giving the interested parties a chance to be heard, and that if they had no lawyer, he would have had notice given to them in person.

The circuit court rendered its decree for appellee administrator, vacating the judgment of March 1, 1939, and restraining appellants from taking any steps to enforce same. It is from this decree they prosecute this appeal.

Appellants urge that the decree for sale of the land authorized and directed sale only of the deceased's interest therein, as the same existed, and that the administrator had no right to sell on other or different terms; that he is bound to account for the sum of $9,040, as the sale price of the farm according to his report of sale; that the order of the county court con-

firming same is *res judicata,* and appellee can not now be heard to dispute it.

Appellee urges it was by accident and mistake that the report of sale was made in a manner to indicate that the purchase price for the farm ($9,040) came into his hands; that the report was made by his attorney and he signed it as directed and was not aware that it reflected such a situation. It is his position that where an administrator or executor by mistake has charged himself in a report with too much or too little, that a court may correct the same according to the true facts and charge such executor or administrator with the amount he justly owes.

It is generally considered that where an administrator or executor by accident or mistake is charged in his report with too much or too little, a court is authorized to ascertain the true facts and correct the report as the facts may justify, and charge the administrator with the amount he justly owes. In this connection it has been said in the case of *Millard v. Harris,* 119 Ill. 185 at page 198, "In case of mistake or accident, by which the administrator or executor is charged in his report with too much or too little, the Court will be authorized to ascertain the true facts, and correct the report as the facts may justify and warrant, and charge the executor or administrator with the amount he justly owes." On page 199 of the same case, we find the following expression: "Upon the presentation of the report by the executor in this case, if, upon the face of the report, it appeared, or by extrinsic evidence was shown, that the executor had charged himself with a sum not in his hands, or properly not chargeable, the Court had the power to ascertain the true facts, and charge the executor with the amount justly chargeable against him, and no more." This case had to do with an executor selling land which was incumbered, wherein he charged himself with the full sum the land brought, when in fact

he retained as executor only a small surplus remaining above the incumbrance. The above rule is also announced in *Brandon v. Brown,* 106 Ill. 519.

Concealment of facts which have induced a court to enter a judgment which it otherwise would not have rendered, may be proper grounds for equitable relief. This case was pending on appeal from the county court. No setting had been made, and it appears that no notice of the hearing was had by either appellee or his attorney. It is further apparent from the testimony of the judge who heard the case, that had he been advised of the facts, he would not have proceeded. The rule is well settled that a court of equity will grant relief against a judgment which is against conscience, or the justice of which can be impeached by facts, or on grounds whereby a party because of fraud, accident, mistake, or the act of the opposite party, was prevented from availing himself of his defense. *Owens v. Ranstead,* 22 Ill. 161, 168; *Wilday v. McConnel,* 63 Ill. 278; *Gregg v. Brower,* 67 Ill. 525; *Simpson v. Simpson,* 273 Ill. 90, 93.

The decree herein is affirmed.

*Decree affirmed.*