Laurelle M. Plavec, Appellant, v. George W. Plavec, Appellee.

Gen. No. 48,316.

First District, First Division.

May 8, 1961.

Charles A. Bellows and Jason Ernest Bellows, of Chicago (Sherman C. Magidson, of counsel) for appellant.

Charles W. Singer, of Chicago, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff filed a petition under section 72 of the Civil Practice Act, to vacate that part of her 1955 divorce decree which recites her waiver of alimony and the terms of a lump sum settlement. The court sustained a motion to strike, and dismissed the petition. Plaintiff appeals.

The petition was filed in the original divorce action on April 11, 1960. It includes, as exhibits, copies of the divorce decree entered January 25, 1955, and of two settlement agreements. The agreements, Exhibits 2 and 3, are both dated January 3, 1955, and neither refers to the other. The decree, without reference to either agreement, contains the terms of Exhibit 2. It shows that plaintiff waived alimony in open court, and that defendant was ordered to pay plaintiff "the sum of $9,000.00 in lieu of all property rights and rights to support, said sum to be paid at the rate of $900.00 every six months until fully paid, the first payment to be made on or before February 1, 1955." Plaintiff was awarded all of the furniture and furnishings of the parties, and defendant was directed to maintain an insurance policy on his life, payable to plaintiff.

The petition substantially alleges that at the time the two settlement agreements were executed, defendant did not intend to comply with the provisions of Exhibit 3; that with promises of performance, he executed Exhibit 3 as a trick or artifice to induce plaintiff to forego including its terms in the decree and to

347

waive her claims for alimony; and that the fraudulent conduct of defendant, not discovered until 1960, is such fraud as to entitle plaintiff to equitable relief under section 72 of the Civil Practice Act. The relief sought is that the court vacate that part of the divorce decree "as makes provision for alimony and property settlement, and . . . modify the said decree to include the provisions of Exhibit 3."

Exhibit 3 recites that the parties are husband and wife, are estranged and not living together, and that plaintiff has filed a complaint for divorce. Without any further reference to their marital status or divorce action, and after a non-factual recitation of consideration, defendant agrees, beginning February 1, 1960, to pay $900 every six months, until such time as plaintiff "shall be remarried but in no event shall the said sum of $900.00 be paid beyond August 1, 1964."

Defendant entered a special and limited appearance and filed a motion to strike the petition. After argument and considering briefs submitted, the court found that the petition was without equity, allowed the motion to strike, and dismissed the petition.

■ Upon proper grounds, relief from a final divorce decree, after 30 days from the entry thereof, may be had upon petition, as provided in section 72 of the Civil Practice Act. (Collins v. Collins (1958), 14 Ill. 2d 178, 151 N.E.2d 813; Van Dam v. Van Dam (1961), 21 Ill. 2d 212, 171 N.E.2d 594.) Therefore, the principal question is whether plaintiff's petition presents proper grounds under section 72 for relief from part of the terms of the 1955 decree.

■ Where a divorce decree recites that there has been an express waiver of alimony, and includes the terms of a property settlement in lieu of alimony, the court is without power, subsequent to the decree, to enter an order for the payment of alimony or support.

(Ill. Rev. Stat. 1959, Ch. 40, § 19.) It follows that this lack of power extends to an additional property settlement. However, plaintiff contends that equity will grant relief from a decree that recites an express waiver of alimony, where "plaintiff was prevented from asserting a claim in reliance upon a fraudulent promise of defendant." Stade v. Stade (1942), 315 Ill. App. 136, 42 N.E.2d 631; Rembert v. Irving (1956), 9 Ill. App. 2d 560, 133 N.E.2d 774.

██ Generally, a misrepresentation to constitute fraud must relate to a past or existing fact and not to the future. Actionable fraud ordinarily cannot be predicated upon a mere failure to perform a promise, even though there was no intention to perform the promise when it was made. 19 I.L.P., Fraud, § 9; Hayes v. Disque (1948), 401 Ill. 479, 488, 82 N.E.2d 350.

Authorities cited by plaintiff indicate that some promises, not misrepresentations of existing facts, wrongfully entered into with the intention to deceive and for the purpose of obtaining an advantage, may be the basis of equitable relief from a judgment or decree obtained by fraud. Krieger v. Krieger (1906), 221 Ill. 479, 77 N.E. 909; Howard v. Howe, 61 F.2d 577, 579.

██ However, those authorities are not persuasive here. The misrepresentation charged did not impair the trial court's jurisdiction over the subject matter or the parties or the particular case. The question necessarily includes whether, under all the circumstances, the plaintiff had a right to rely upon the misrepresentations, viewed in the light of all of the facts of which plaintiff had actual notice, and also of such as she might have availed herself by the exercise of ordinary prudence. If she does not avail herself of the means of knowledge open to her, she cannot be heard to say she was misled by misrepresentations. Schmidt v. Landfield (1960), 20 Ill. 2d 89, 94, 169 N.E.2d 229.

█ Plaintiff does not complain that defendant failed to fully comply with the terms of the decree or that he concealed from her any facts concerning the divorce action, the terms of the decree, or Exhibit 3. It is clear that plaintiff was afforded her day in court with respect to every issue involved in the litigation. Defendant was guilty of no fraud that deprived her of an opportunity to be heard on all the issues of fact in the case. We must presume that plaintiff was fully informed by her counsel as to the effect of her waiver of alimony made in open court, the non-inclusion in the decree of the terms of Exhibit 3, and the provisions of the decree as it was finally entered. Plaintiff must be said to have acted solely upon her own judgment and her own risk in proceeding to a conclusion of her divorce action without having the terms of Exhibit 3 incorporated in the decree.

We conclude that plaintiff has not presented grounds for relief under section 72, whatever actionable rights she may have under Exhibit 3. This conclusion extends to her request for solicitor's fees. No other questions need be determined.

For the reasons given, the order is affirmed.

Affirmed.

KILEY, P. J. and BURMAN, J., concur.