*In re* MARRIAGE OF CHARLES WISE FRICKE, Petitioner-Appellee, and DEBRA JUNE FRICKE, Respondent-Appellant.

Fourth District No. 4—88—0253

Opinion filed August 25, 1988.

Duane D. Young, of Long, Rabin & Young, Ltd., of Springfield, for appellant.

Steven Nardulli, of Stratton, Dobbs, Nardulli & Lestikow, of Springfield, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Respondent Debra June Fricke appeals from an order entered on March 11, 1988, by the circuit court of Logan County which dismissed her "motion" filed pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). The "motion" sought relief from a portion of the decree dissolving respondent's marriage to petitioner Charles Wise Fricke. We reverse and remand.

On May 12, 1987, the trial court entered the aforesaid order dissolving the marriage of the parties. Petitioner was a funeral home director, and respondent, a manager and owner of a monument company. The court's order further incorporated the terms and conditions of a marital separation agreement entered into between the parties. One of the provisions contained in the agreement recited:

"For a period of five years after the execution of this Agreement, Husband shall exercise his best efforts to utilize Timeless Monument in the operation of his business, including, but not limited to[,] referral of business to Timeless Monument and cooperation with Timeless Monument as Wife may, from time to time, request from Husband regarding Timeless Monument and business opportunities sought by Timeless Monument."

Both petitioner and respondent also waived any right to maintenance from the other in the agreement.

On October 21, 1987, respondent filed the instant "motion." Section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) provides in pertinent part as follows:

"(a) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. * * *

(b) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters not of record." Ill. Rev. Stat. 1985, ch. 110, par. 2—1401.

In her "motion," respondent said the judgment of dissolution had been procured through fraud. In her "motion" she stated, among other things: (1) at the time petitioner entered into the separation agreement incorporated by reference in the judgment, he had no intention of abiding by the condition in the agreement that he use his best efforts to utilize respondent's monument company in the operation of his business; (2) petitioner had made no efforts to utilize, or refer business to, her company since the date judgment was entered on May 12, 1987; (3) on October 1, 1987, petitioner told her he had no intentions of referring business to her (her affidavit in support of her "motion" further revealed petitioner told respondent he was, in fact, referring business to her other business competitors); (4) plaintiff had *"never* intended to do as he [had] agreed" to do in the separation agreement, in furtherance of his fraudulent scheme to injure respondent (emphasis added); (5) respondent was not aware of petitioner's fraudulent intentions and would not have agreed to the terms of the settlement agreement, including waiver of maintenance, had she known; and (6) respondent suffered financial losses due to petitioner's failure to abide by the terms of the settlement agreement. Respondent's supporting affidavit included and realleged many of the factual circumstances as set forth above.

Petitioner urges us to conclude respondent's "motion" and her af-

fidavit in support thereof failed to set forth sufficient facts upon which relief could be granted, and, therefore, the trial court correctly dismissed her "motion" for relief from the judgment. He contends respondent's pleading lacked the particularity with which an action in fraud must be pleaded. We cannot agree.

A person who contends fraud in the inducement occurred with regard to a property settlement agreement later incorporated into a decree of dissolution may properly obtain relief pursuant to section 2—1401 of the Code of Civil Procedure. (See *Gonyo v. Gonyo* (1973), 9 Ill. App. 3d 672, 292 N.E.2d 591 (which discussed section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72), the predecessor to section 2—1401 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401)).) We recognize an action grounded in fraud must be pleaded with particularity, but allegations setting forth a "[m]isrepresentation of an existing material fact coupled with scienter, deception, and injury are more than adequate" to support a cause of action based upon fraud. *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 332, 371 N.E.2d 634, 640.

The obvious reason why a section 2—1401 petition must be accompanied by a supporting affidavit is so the court need not concern itself with the extraordinary relief obtainable under section 2—1401 unless a substantial showing is made that the petitioner is entitled to relief. Here, the respondent's "motion" is based on circumstantial evidence. Such evidence can give rise to an inference that a promisor possessed a fraudulent intent not to perform his promise at the time he made it. Such inference will not arise merely from proof of nonperformance of the promise. However, an "intention not to perform 'may be inferred from the fact that after performance by the promisee the promisor [did] not even make a pretense of carrying out his promise, or evade[d] and refuse[d] to perform it.' " *Foster v. Dwire* (1924), 51 N.D. 581, 594, 199 N.W. 1017, 1021, quoting 12 R.C.L. 262 (1916).

*Roth v. Roth* (1968), 101 Ill. App. 2d 286, 243 N.E.2d 718, involves a similar question. There, a petitioner sought modification of a decree of divorce in which the court had incorporated a property settlement agreement entered into by the parties. Petitioner contended a decree provision obligating him to pay his ex-wife a sum of money required modification, as he agreed to pay that sum based upon his ex-wife's representations to him, among others, that she had no marriage plans for the future, felt insecure financially, and needed some supplemental income. She had further denied in open court that she had any marriage plans. Yet she married a man of considerable means

31 days after the court entered the decree of divorce. Petitioner claimed she had made fraudulent misrepresentations solely for the purpose of getting the monetary provision incorporated into the decree.

The trial court allowed the requested modification of the decree, concluding the misrepresentations were a fraud on the court and had induced the petitioner to sign the settlement agreement. The appellate court reversed the decision of the trial court because of the lack of evidence. It concluded the record of the hearing held on the petition contained no evidence to support a finding (1) the ex-wife's statement concerning her lack of marriage plans was false, and (2) she had made plans prior to entry of the decree to marry her new husband. In *dictum*, the court also noted none of the allegations of fact contained in the pleadings entitled petitioner to a modification of the original decree. However, quoting *Plavec v. Plavec* (1961), 30 Ill. App. 2d 345, 349, 174 N.E.2d 578, the *Roth* court did state:

> " '[S]ome promises, not misrepresentations of existing facts, wrongfully entered into with the intention to deceive and for the purpose of obtaining an advantage, may be the basis ,of equitable relief from a judgment or decree obtained by fraud.' " *Roth*, 101 Ill. App. 2d at 294-95, 243 N.E.2d at 722.

The factual circumstances present in the instant case create a much stronger cause of action for fraud than those present in *Roth*. Here, the petitioner expressly promised in the settlement agreement to use his best efforts to utilize respondent's monument company in his business; respondent relied upon the presence of that specific provision when relinquishing other rights in the settlement agreement. *Roth* involved a man's reliance on his ex-wife's statement, *not* an express promise, that she had no plans to remarry. In any event, the *Roth* decision is not binding upon us. A pleading alleging fraud should not be dismissed on its face if the allegations contained therein establish one person made a false promise as part of an overall scheme to defraud, and another was induced to act to her detriment. *Roda v. Berko* (1948), 401 Ill. 335, 81 N.E.2d 912.

■ We conclude respondent's allegations concerning petitioner's lack of efforts to abide by his promise and his subsequent statements that he had no intention of complying and was referring business elsewhere were sufficient to create a *prima facie* case. Petitioner undeniably disputes the allegations raised by respondent, but a petition to obtain relief from a judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) cannot be decided upon the basis of disputed affidavits. The trial court must

hold a full evidentiary hearing and, after hearing all the evidence, decide whether the inferences from the evidence are sufficient to grant the relief requested. *Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 433 N.E.2d 253.

Petitioner expresses some concern that the mere fact respondent did not receive any referrals from him during the months following entry of the decree does not support a conclusion he failed to make any referrals. While this fact may weaken the force of the circumstantial evidence described in the affidavit, it does not prevent the circumstance shown in the affidavit from being sufficient to require an evidentiary hearing. The parties can fully develop this issue and others during that hearing upon remand. We express no opinion as to the merits of the parties' claims at this time.

For the reasons stated, the order of the circuit court of Logan County dismissing respondent's "motion" for relief from judgment is reversed, and the cause is remanded for a full evidentiary hearing on that "motion."

Reversed and remanded.

LUND and SPITZ, JJ., concur.