*In re* MARRIAGE OF MARY ANN JOHNSON, Petitioner-Appellee, and RICHARD W. JOHNSON, Respondent-Appellant.

First District (3rd Division)   No. 1—89—0832

■■■■

Opinion filed December 5, 1990.

■■■■■■■■

David Bohrer, of Highland Park, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Obyrietta Gammett Scott and Leonard N. Foster, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Respondent, Richard W. Johnson (Richard), appeals from an order which granted the motion of petitioner Mary Ann Johnson (Mary Ann) to strike his petition for modification of the parties' dissolution decree. We affirm.

Richard and Mary Ann Johnson were married on April 20, 1968. On October 12, 1970, Richard left home to serve in the United States Army. During his one-year tour of duty overseas, Richard did not return home, nor did he see his wife. Richard returned home from Viet Nam on October 11, 1971. On November 2, 1971, 22 days after Richard's return, Mary Ann gave birth to a son whom she named Richard Wellington Johnson II.

The couple remained married for several more years, but on May 25, 1976, Mary Ann filed a petition for dissolution of marriage. In her

petition Mary Ann alleged that the parties separated on January 1, 1974. Personal service upon Richard was unsuccessful, and he was subsequently served by publication. When Richard failed to appear to contest the petition for dissolution of marriage, Mary Ann obtained a default judgment. The decree of dissolution was entered on December 15, 1977.

On July 1, 1980, Mary Ann, through the State's Attorney's office, filed a petition for support. On September 2, 1980, the court ordered Richard to pay support in the amount of $140 per month to the clerk of the circuit court for the use of the Illinois Department of Public Aid. The payment was reduced to $100 per month on April 7, 1981. Richard complied with the support orders until April 15, 1982. However, on February 22, 1984, a new support order was entered along with a $100-per-month income withholding order.

On November 14, 1988, Richard filed a petition for modification of the judgment of dissolution and supplemental orders. In his petition, Richard sought, pursuant to the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1987, ch. 40, par. 2501 *et seq.*), a declaration of the nonexistence of a parent-and-child relationship between him and Richard II. In the petition and an affidavit, Richard alleged that he was neither the natural nor adoptive parent of Richard II. Richard further alleged that he first learned that he was not Richard II's biological father in May 1988 through admissions made to school officials by Richard II and his natural father, Merlin Henderson.

On January 3, 1989, Mary Ann, through the State's Attorney's office, filed a motion to strike Richard's petition because it was barred by the Illinois Parentage Act's statute of limitations. A hearing on the motion was held on February 23, 1989. Following arguments, the court granted Mary Ann's motion and dismissed Richard's petition. This appeal followed.

■ Section 8 of the Illinois Parentage Act of 1984 provides in pertinent part:

"(2) An action brought on behalf of any person other than the child shall be barred if brought later than 2 years after the birth of the child. Failure to bring an action within 2 years shall not bar any party from asserting a defense in any action to declare the non-existence of the parent and child relationship.

(3) An action to declare the non-existence of the parent and child relationship shall be barred if brought later than 2 years after the petitioner obtains knowledge of relevant facts. Failure to bring an action within 2 years shall not bar any party from asserting a defense in any action to declare the existence of the

parent and child relationship." Ill. Rev. Stat. 1987, ch. 40, pars. 2508(a)(2), (a)(3).

The general rule is that an amendment shortening a statute of limitations period will not be retroactively applied so as to terminate a cause of action unless the party has had a reasonable period of time after the effective date of the amendment in which to file his action. (*Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 421, 490 N.E.2d 665, 667.) This rule also applies to new statutes of limitations and has been found specifically applicable to the limitations provisions of section 8 of the Illinois Parentage Act of 1984. (*Sakellariadis v. Spanos* (1987), 163 Ill. App. 3d 1084, 1089, 517 N.E.2d 324, 328.) A reasonable time for bringing an action in cases under the Act cannot be greater than the statutory limitation period itself, since a longer period would defeat the purpose of the statute. *Sakellariadis*, 163 Ill. App. 3d at 1089.

In addition, section 25 of the Illinois Parentage Act of 1984 provides:

"Except as provided in Section 8 of this Act, the repeal of the 'Paternity Act,' approved July 5, 1957, as amended, shall not affect rights or liabilities which have accrued thereunder and which have been determined, settled or adjudicated prior to the effective date of this Act or which are the subject of proceedings pending thereunder on such effective date. Provided further, this Act shall not be construed to bar an action which would have been barred because the action had not been filed within the then applicable time limitation, or which could not have been maintained under the 'Paternity Act,' approved July 5, 1957 and repealed hereunder, as long as the limitations periods set forth in Section 8 of this Act are complied with." Ill. Rev. Stat. 1987, ch. 40, par. 2525.

In the present case, Richard filed his petition in 1988, three years after the enactment of section 8 of the Act. At that time, Richard II was 17 years of age. Although Richard contends that he did not obtain knowledge of the relevant facts concerning Richard II's real parentage until May of 1988, his contention strains credulity to the breaking point. When Richard returned from Viet Nam in 1971, his wife was eight months pregnant although he had not seen her in one year. At that time, Richard possessed knowledge of the relevant facts necessary to determine that he was not the father of Mary Ann's child. However, despite these facts, Richard resumed his marital relationship with Mary Ann and accepted Richard II into the family unit. Richard's acceptance and acknowledgement of Richard II as his child continued after the parties' separation and divorce. When Mary Ann petitioned for child sup-

port, Richard complied with the support order although he alleged that he based his decision on the advice of counsel who told him that he was not entitled to contest his paternity of Richard II.

Richard further contends that he filed his petition for modification within a reasonable period of time following the enactment of section 8. However, the filing of the petition three years after the enactment of the statute and 15 years after the expiration of the limitations period cannot be construed as reasonable when Richard possessed the relevant facts upon which to base his petition at the time of Richard II's birth. See *Sakellariadis*, 163 Ill. App. 3d at 1089-90.

Under these circumstances, we find that the trial court did not err in ruling that Richard's petition for declaration of the nonexistence of a parental relationship was barred by the statute of limitations provisions of the Illinois Parentage Act of 1984. We base this decision on the power of this court to draw inferences of fact and enter any order, judgment or relief that could or should have been made in the trial court. 107 Ill. 2d Rules 366(a)(4), (a)(5).

Accordingly, the order of the circuit court of Cook County is affirmed.

Affirmed.

CERDA, P.J., and WHITE, J., concur.