In re MARRIAGE OF DONALD O'BRIEN, Petitioner-Appellant, and JULIE ANN WARD, Respondent-Appellee.

Fourth District   No. 4—92—0823

Opinion filed July 29, 1993.

Grosboll, Becker, Tice & Smith, of Petersburg (Eldon H. Becker, of counsel), for appellant.

A. Michael Kopec, of Stratton, Dobbs & Nardulli, of Springfield, for appellee.

JUSTICE COOK delivered the opinion of the court:

This appeal is from an order of the circuit court of Menard County granting Julie Ann Ward's motion for judgment on the pleadings. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(e).) We affirm.

Donald and Julie were married November 23, 1985; Shea Donald O'Brien was born December 14, 1986. The parties separated in November 1988 and a judgment for dissolution of marriage was entered January 4, 1989, incorporating a settlement agreement the parties entered into that day. The settlement agreement provided that Julie

would have custody of Shea, subject to specific rights of visitation for Donald. Donald agreed to pay child support of $400 per month, medical insurance for Shea, and half of the child's medical expenses not covered by insurance.

On October 2, 1990, Donald filed a petition pursuant to section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) to set aside the judgment. Donald alleged the judgment of dissolution and the incorporated settlement agreement were procured through Julie's fraudulent misrepresentations that Donald was in fact the father of Shea, and attached an affidavit in which he stated he "was unaware that his wife had had sexual relations with any man during the marriage of the parties hereto." By agreement of the parties blood tests were taken. The blood tests showed, among other things, that Donald was type O, Julie was type A, Shea was type B, and there was no possibility that Donald was Shea's father. On February 1, 1991, Donald filed a verified two-count complaint for fraud, in the dissolution case, alleging Julie deceived him by statements that he was Shea's father. Count I sought recovery of the child support payments Donald had made pursuant to the judgment of dissolution; count II sought recovery of Donald's costs of raising the child from the date of the child's birth through the termination of the marriage. In count I Donald alleged: "6. That the Defendant, Julie Ann Ward represented to the said Donald O'Brien that he was the father of said child and that she had had blood test [sic] performed which substantiated that he was the father of said child." In count II Donald alleged:

"16. That after the Defendant informed Plaintiff that she was pregnant with the aforesaid referred to minor child the Plaintiff questioned the Defendant as to whether or not he was the father of said minor child, as he did not believe he could be.

17. That the Defendant, Julie Ann O'Brien, repeatedly assured the Plaintiff that he was the father of said minor child."

On September 20, 1991, the trial court dismissed, with leave to amend, Donald's section 2—1401 petition for failure to "adequately state a cause of action." The court also dismissed Donald's complaint for fraud, finding that unless the dissolution of marriage were set aside, the finding there, that Donald was the father of Shea, would be *res judicata.* Donald filed an amended section 2—1401 petition, alleging he previously had no reason to question whether he was Shea's father, and attached an affidavit and the results of the blood tests which showed he was not Shea's father. Julie filed a response to the section 2—1401 petition, affirmative defenses, and a motion for judg-

ment on the pleadings alleging Donald had failed to exercise due diligence in contesting paternity. In his response to affirmative defenses Donald admitted "that he questioned the Defendant both prior to the birth of the child and prior to the entry of the Judgment." The trial court then entered judgment on the pleadings against Donald, ruling as follows:

"1). THAT DONALD O'BRIEN (hereinafter Petitioner) having alleged in a previously filed Complaint for Fraud that he was highly suspicious of the paternity of the minor child prior to the Dissolution, cannot now demonstrate that he exercised due diligence in attempting to discover and present his meritorious defense prior to the entry of the judgment.

2). THAT because Petitioner cannot show such due diligence, the Motion [for] Judgment on the Pleading[s] should be sustained."

Section 2—615(e) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(e)) provides that "Any party may seasonably move for judgment on the pleadings." A judgment on the pleadings is proper only if questions of law and not of fact exist after the pleadings have been filed. (*Harris Trust & Savings Bank v. Donovan* (1991), 145 Ill. 2d 166, 172, 582 N.E.2d 120, 122-23.) A denial of an allegation can prevent judgment on the pleadings, if the denial raises an issue of fact. On the other hand, an admission can lead to judgment on the pleadings by removing an issue of fact from the case. A motion for judgment on the pleadings could be described as a motion for summary judgment limited to the pleadings. If the admissions in the pleadings disclose there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, judgment on the pleadings is proper. (3 R. Michael, Illinois Practice §27.2, at 494 (1989) (Civil Procedure Before Trial); see *Tompkins v. France* (1959), 21 Ill. App. 2d 227, 157 N.E.2d 799; *Baker-Wendell, Inc. v. Edward M. Cohon & Associates, Ltd.* (1981), 100 Ill. App. 3d 924, 427 N.E.2d 317.) A motion for summary judgment (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005) is generally a more satisfactory method for summary disposition of a case than a motion for judgment on the pleadings. With a motion for summary judgment, the parties have full opportunity to place relevant facts before the court by way of affidavits. In the unusual circumstances of this case, however, we conclude that the granting of the motion for judgment on the pleadings was proper. Here Donald admitted that while Julie was pregnant he did not believe he could be the father, that he questioned Julie about it, and Julie repeatedly assured him that he was the father, even telling him that she had had

blood tests performed which verified his paternity. Donald's admissions were contained in his complaint for fraud, not in his section 2—1401 petition, but no argument is made that fact prevents consideration of the admissions in connection with the motion for judgment on the pleadings.

■ A fact which is admitted in a pleading is a judicial admission, binding on the pleader, which may not be controverted. Pleadings which have been withdrawn or superseded contain only evidentiary admissions, which may be controverted. However, where the original pleading is verified it remains part of the record upon the filing of an amended pleading, and any admissions in the original verified pleading which were not the product of mistake or inadvertence are binding even after amendment. (*Winnetka Bank v. Mandas* (1990), 202 Ill. App. 3d 373, 397, 559 N.E.2d 961, 976 (bank did not claim pleadings were a product of mistake or inadvertence).) Verified statements in pleadings from one case, when used in another case, are again ordinary evidentiary admissions which may be used in a later action as statements against interest, but which may be controverted or explained. (*Goodwin v. I T T Commercial Finance Corp.* (1986), 146 Ill. App. 3d 810, 814, 497 N.E.2d 331, 333.) Even assuming the statements in this case are only evidentiary admissions, the statements are sufficient to support the trial court's entry of judgment on the pleadings. Donald made no attempt to explain the statements or disavow them as the product of mistake or inadvertence. In fact Donald repeated in his pleadings that he questioned Julie about paternity before the child was born and before the judgment of dissolution was entered. Donald's affidavit, attached to his amended section 2—1401 petition, states that he was unaware Julie had sexual relations with anyone other than himself during the marriage, but the affidavit does not negate his statements that he was highly suspicious of the paternity of the child prior to the judgment of dissolution.

■ This appeal raises the question whether Donald was diligent for purposes of his section 2—1401 petition, and not whether his claim was barred by the Illinois Parentage Act of 1984 statute of limitations (see Ill. Rev. Stat. 1989, ch. 40, par. 2508), but similar concerns are involved. When a child is born to a married couple the husband is presumed to be the father of the child, and that presumption may be rebutted only by clear and convincing evidence. (Ill. Rev. Stat. 1989, ch. 40, par. 2505(b).) An action to declare the nonexistence of the parent and child relationship shall be barred if brought by anyone other than the child later than two years after the birth of the child, or later than two years after the petitioner "obtains knowledge of relevant

facts." (Ill. Rev. Stat. 1989, ch. 40, pars. 2508(a)(2), (a)(3).) The policies underlying statutes of limitation in general apply with special force in this area. To paraphrase Justice Holmes, a child, "like a tree in the cleft of a rock, gradually shapes his roots to his surroundings, and when the roots have grown to a certain size, cannot be displaced without cutting at his life." (M. Lerner, The Mind and Faith of Justice Holmes 417 (1953); see also *In re Marriage of Beckett* (1990), 195 Ill. App. 3d 424, 429-30, 552 N.E.2d 375, 379 (social issues here are obvious).) It is wrong to make a child a part of a family unit and pass over substantial concerns regarding the child's paternity only to raise them years later in an attempt to avoid child support. *In re Marriage of Johnson* (1990), 206 Ill. App. 3d 992, 995-96, 565 N.E.2d 162, 163-64 (husband could not challenge paternity in a 1988 petition for modification of a 1977 judgment of dissolution where wife was eight months pregnant when husband returned in 1971 from a year in Vietnam—contention of no knowledge "strains credulity").

We further note that the procedure employed by the parties here, submitting to the blood tests, then arguing the section 2—1401 petition could not be granted in any event, was backward. *In re Marriage of Klebs* (1990), 196 Ill. App. 3d 472, 482, 554 N.E.2d 298, 305 (error to order blood tests which established third-party father); *In re Custody of D.A.* (1990), 201 Ill. App. 3d 810, 823, 558 N.E.2d 1355, 1362 (a determination who is a child's biological father may not always be in the child's best interests); *cf. In re Marriage of Tzoumas* (1989), 187 Ill. App. 3d 723, 731-33, 543 N.E.2d 1093, 1098-99.

■ The purpose of section 2—1401 of the Code is to bring facts not of record to the attention of the trial court which, if known by the court at the time judgment was entered, would have affected or altered judgment. (*In re Marriage of Frazier* (1990), 203 Ill. App. 3d 847, 850-51, 561 N.E.2d 160, 162.) A party contending fraudulent inducement in the making of a property settlement agreement which is incorporated into a decree of dissolution may properly obtain relief pursuant to section 2—1401. (*In re Marriage of Fricke* (1988), 174 Ill. App. 3d 191, 194, 528 N.E.2d 370, 371.) A section 2—1401 petition to vacate a judgment should be granted if the petitioner proves the judgment would not have been entered if the grounds claimed for relief had been known by the trial court at the time the judgment was entered, and that failure to present those grounds was not due to lack of diligence on the part of the petitioner. (*Tzoumas*, 187 Ill. App. 3d at 728-29, 543 N.E.2d at 1096.) Still, it is not the purpose of section 2—1401 to provide litigants with a fresh opportunity to do what they should have done in the prior proceeding. There exists a strong judi-

cial policy favoring finality of judgments and of settlement agreements. (*In re Marriage of Halas* (1988), 173 Ill. App. 3d 218, 223, 527 N.E.2d 474, 478; *In re Marriage of Lorton* (1990), 203 Ill. App. 3d 823, 825, 561 N.E.2d 156, 158.) Donald was not diligent in raising the issue of paternity, and because of the admissions made in the pleadings here, judgment on the pleadings was properly entered dismissing Donald's section 2—1401 petition.

Affirmed.

STEIGMANN, P.J., and GREEN, J., concur.