TONETTA JUDE, a/k/a Tonetta Bailey, Mother and Next Friend to Megan Bailey, a Minor, Plaintiff-Appellant, *v.* JOHN T. MORRISSEY, a/k/a Jack T. Morrissey, Defendant-Appellee.

First District (3rd Division) No. 82—2188

Opinion filed August 31, 1983.

Aviva Futorian and Cathleen C. Cohen, both of Chicago, for appellant.

Joseph V. Roddy, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Tonetta Jude, appeals from the order of the circuit court of Cook County dismissing her complaint filed under the Illinois Paternity Act for failure to file within the applicable two-year limitations period. Ill. Rev. Stat. 1981, ch. 40, par. 1351 *et seq.*

On April 14, 1982, Jude filed an action pursuant to the Paternity Act (Ill. Rev. Stat. 1981, ch. 40, par. 1351 *et seq.*) seeking to establish that defendant, John Morrissey, was the father of her daughter, Megan Bailey, who was born out of wedlock on September 22, 1978. On July 8, 1982, Morrissey moved to dismiss the cause on the ground that it was barred because it was not filed within two years of the birth of the child as required by statute. Ill. Rev. Stat. 1981, ch. 40, par. 1351.

Jude maintained in the trial court that certain conduct of Morrissey, in concealing his identity from her, constituted "concealment" within the meaning of the Paternity Act so as to toll the two-year limitations period. Jude further maintained that if the statute was not tolled, the statutory two-year limitations period was unconstitutional.

The trial court granted Morrissey's motion to dismiss for failure to file the action within two years of the child's birth. The trial court held that Morrissey's conduct did not constitute concealment within the meaning of the Paternity Act so as to toll the limitations period.

The trial court also held that the two-year limitations period was constitutional.

Jude contends that the two-year limitations period governing paternity actions violates the equal protection clause of the fourteenth amendment to the Federal Constitution. Specifically, Jude argues that the limitations period imposes a restriction on the support rights of some illegitimate children that is not imposed on the same rights of legitimate children.

During the pendency of this appeal, the United State Supreme Court held that the Tennessee paternity statute, which similarly imposed a two-year limitations period on paternity and child support actions brought on behalf of certain illegitimate children, denied those children the equal protection of the laws. (*Pickett v. Brown* (1983), 462 U.S. ___, 76 L. Ed. 2d 372, 103 S. Ct. 2199.) The rationale of *Pickett*, which is equally appliable here, was as follows. First, a two-year limitations period did not provide illegitimate children with an adequate opportunity to obtain support. The court reasoned that during the first two years after the child's birth:

> "[t]he mother may experience financial difficulties caused not only by the child's birth, but also by a loss of income attributable to the need to care for the child. Moreover, 'continuing affection for the child's father, a desire to avoid disapproval of family and community, or the emotional strain and confusion that often attend the birth of an illegitimate child,' 456 U.S. at 100, may inhibit a mother from filing a paternity suit on behalf of the child within two years after the child's birth." 462 U.S. ___, ___, 76 L. Ed. 2d 372, 382, 103 S. Ct. 2199, 2206.

The court also concluded that a two-year limitations period governing paternity and support suits brought on behalf of certain illegitimate children is not substantially related to the State's interest in avoiding the litigation of stale or fraudulent claims. The *Pickett* court gave the following reasons for its holding: (1) " '[w]e can conceive of no evidence essential to paternity suits that will be lost in only [two years]' " (462 U.S. ___, ___, 76 L. Ed. 2d 372, 383, 103 S. Ct. 2199, 2207; *Mills v. Habluetzel* (1982), 456 U.S. 91, 71 L. Ed. 2d 770, 102 S. Ct. 1549); (2) Tennessee tolls most actions during a child's minority; and (3) scientific advances in blood testing have alleviated the problems of proof surrounding paternity actions.

Applying the above principles to the case at bar we conclude that the two-year limitations period of the Illinois Paternity Act denies certain illegitimate children the equal protection of the laws. The only difference between *Pickett* and the case at bar is that under the Ten-

nessee statute paternity and support suits may be brought on behalf of children who are or are likely to become public charges by the State or by any person at any time prior to the child's 18th birthday. Under the Illinois Paternity Act, the Department of Public Aid must bring an action on behalf of a minor receiving public assistance within the applicable two-year limitations period. (Ill. Rev. Stat. 1981, ch. 40, par. 1351.) However, due to the other similarities between *Pickett* and the case at bar, we conclude that this difference is not sufficient to compel a different result.

Therefore, we conclude that the Illinois Paternity Act violates the equal protection clause of the fourteenth amendment. Accordingly, the order of the circuit court of Cook County is reversed and we remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

McNAMARA, P.J., and RIZZI, J., concur.