THE PEOPLE *ex rel.* AUDREY TODD, Plaintiff-Appellee, v. FRANCIS HARVEY, Defendant-Appellant.

First District (5th Division)   No. 85—2962

Opinion filed March 27, 1987.—Rehearing denied April 29, 1987.

David J. Letvin and David M. Stein, both of Letvin & Stein, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Karl M. Robertson, Assistant State's Attorney, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

In this interlocutory appeal, brought pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), defendant, Francis Harvey, contends that the circuit court of Cook County erred in denying his motion to dismiss plaintiff Audrey Todd's paternity action. The principal issue on appeal is the manner in which the Illinois Parentage Act of 1984 (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*) is to be applied to paternity actions filed prior to the effective date of that Act.

We affirm the circuit court's denial of defendant's motion to dismiss, but we do so based on a construction of the Act which differs from that of the circuit court.

This action was filed on August 10, 1983, by the State acting on the relation of complainant Audrey Todd. Audrey alleged that defendant, Francis Harvey, was the father of her son, Phillip Harvey Todd, born to her on August 24, 1979, and that defendant was liable for the support, education, maintenance, and welfare of the child as well as Audrey's reasonable expenses arising from her pregnancy, confinement, and recovery. In addition to payment for these items, Audrey sought a declaration that defendant was the father of her child.

Audrey's action was brought under the authority of the Illinois Paternity Act of 1957 (Ill. Rev. Stat. 1983, ch. 40, pars. 1351 through

1968, repealed.) Under that statutory scheme, paternity actions could be brought only upon the filing of a complaint by the mother or by the Illinois Department of Public Aid in behalf of a minor child receiving public aid. The State's Attorneys of the various Illinois counties were also authorized to file a complaint on behalf of the mother at her request. All such actions were required to be brought within two years from the birth of the child. Ill. Rev. Stat. 1983, ch. 40, par. 1354.

On August 31, 1983, less than one month after this action was filed, the two-year limitation provision was found to be unconstitutional. (*Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24.) On May 1, 1985, the defendant moved to dismiss this action based, *inter alia*, on the statute of limitations contained in a newly enacted paternity act, the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*). Because the Act was not effective until July 1, 1985, the circuit court denied the motion but permitted defendant to renew it after the Act's effective date.

Defendant's new motion, filed on July 8, 1985, again sought dismissal of the action pursuant to the limitations provisions contained in section 8 of the Act. That section provides in pertinent part:

"Sec. 8. Statute of Limitations.

(a)(1) An action brought by or on behalf of a child shall be barred if brought later than 2 years after the child reaches the age of majority; however, if the action on behalf of the child is brought by a public agency, it shall be barred 2 years after the agency has ceased to provide assistance to the child.

(2) An action brought on behalf of any person other than the child shall be barred if brought later than 2 years after the birth of the child." (Ill. Rev. Stat. 1985, ch. 40, par. 2508.)

Section 25 of the Act specifically makes those limitations applicable to pending actions brought under the old act. That section provides:

"Sec. 25. Except as provided in Section 8 of this Act, the repeal of the 'Paternity Act', approved July 5, 1957, as amended, shall not affect rights or liabilities which have accrued thereunder and which have been determined, settled or adjudicated prior to the effective date of this Act or which are the subject of proceedings pending thereunder on such effective date. Provided further, this Act shall not be construed to bar an action which would have been barred because the action had not been filed within the then applicable time limitation, or which could not have been maintained under the 'Paternity Act,' approved July 5, 1957 and repealed hereunder, as long as the limitations

periods set forth in Section 8 of this Act are complied with." (Ill. Rev. Stat. 1985, ch. 40, par. 2525.)

Based on these provisions defendant contended that this action, brought almost five years after the birth of the child, was barred by the two-year limitation on actions brought "on behalf of any person other than the child." Defendant also contended that the action should be dismissed pursuant to Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)) because the plaintiff had allegedly failed to exercise reasonable diligence in obtaining service after expiration of the applicable statute of limitations.

The State contended that this action should be construed as one brought on behalf of the minor child, so that no limitation was yet applicable. The State noted that under the new Act the right to bring such actions had been extended to the minor child itself, among other individuals. Section 7 of the Act provides in pertinent part:

"Sec. 7. Determination of Father and Child Relationship; Who May Bring Action; Parties.

(a) An action to determine the existence of the father and child relationship *** may be brought by the child; the mother; a pregnant woman; any person or public agency who has custody of, or is providing or has provided financial support to, the child; or a man presumed or alleging himself to be the father of the child or expected child. The complaint shall be verified and shall name the person or persons alleged to be the father of the child.

(b) An action to declare the non-existence of the parent and child relationship may be brought by the child, the natural mother or a man presumed to be the father under Section 5 of this Act." (Ill. Rev. Stat. 1985, ch. 40, par. 2507.)

The circuit court construed this action as one by or on behalf of the mother and thus found the two-year limitation would ordinarily be applicable. However, the court also found that under the holding of *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 447 N.E.2d 408, it would not construe the new statute so as to instantaneously extinguish a cause of action existing prior to the effective date of that statute. The court construed *Moore* as affording plaintiffs whose causes of action were affected by statutes shortening a limitation period a reasonable time after the effective date of such statutes to bring their actions. Because this complaint was filed prior to the effective date of the new Act, the court found that it had been brought in a timely fashion under *Moore*. The court also found that the plaintiff had been diligent in obtaining service on the defendant. Accordingly the court denied defendant's motion to dismiss.

OPINION

We find that defendant's motion was properly denied, but not on the grounds advanced by the circuit court.

When this action was filed the applicable statute allowed only the mother, or the State on her behalf, to bring such an action. As we have noted, the prior two-year limitation upon such action was held to be unconstitutional because it denied equal protection to children born of unwed parents insofar as their right to obtain paternal support was concerned. (*Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24; see *Pickett v. Brown* (1983), 462 U.S. 1, 76 L. Ed. 2d 372, 103 S. Ct. 2199.) In an effort to establish a constitutionally valid scheme for the prosecution of paternity actions, the Illinois legislature enacted the Illinois Parentage Act of 1984, which, *inter alia*, gave to the children at issue the right to bring a paternity action. It also provided that actions brought by or *on behalf of* a child would be barred only if brought later than two years after the child reached the age of majority.

The defendant's construction of this limitations period would mean that the action before us would be permitted only if it had actually been brought by the child. Yet such actions by the child were not permitted when this action was filed. The action brought by the State "*ex rel.* Audrey Todd" sought, *inter alia*, to find the defendant liable for the support, education, maintenance, and welfare of the *child*. To this extent we believe this action can be fairly construed as one brought on behalf of the child within the meaning of the new Act. (See *People ex rel. Moore v. McIntosh* (1985), 134 Ill. App. 3d 1070, 481 N.E.2d 833.) To hold otherwise would effectively impose a two-year limitation on the right of such child to obtain parental support, a limitation already found to be unconstitutional. Because courts are to assume that the legislature intends to enact constitutional statutes (*Dornfeld v. Julian* (1984), 104 Ill. 2d 261, 472 N.E.2d 431), we construe section 8 of the new Act (Ill. Rev. Stat. 1985, ch. 40, par. 2508) as permitting this action to be brought until two years after the child's majority, insofar as the action is one seeking support for the child.

As the circuit court noted, this action also sought maternity-related expenses. To that extent this action could be construed as being brought by and on behalf of the mother, it then would be barred by the retroactive effect of the new limitations provision. However, it has been held that an amendment shortening a limitation period will not divest a litigant of a cause of action where suit has already been filed. (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211.) At the

time the new Act was enacted there was no limitation period applicable to this action. Therefore, even were we to determine that the two-year limitation period of the new Act were otherwise applicable to that portion of this complaint seeking expenses for the mother, that limitation could not be utilized to divest her of a cause of action for which she had already filed suit.

The judgment of the circuit court denying defendant's motion to dismiss is affirmed for the reasons set forth in this opinion.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.