PANAGIOTIS SAKELLARIADIS, Plaintiff-Appellant, v. JAMES SPANOS, Defendant-Appellee.

Second District    No. 2—87—0222

Opinion filed December 17, 1987.

Richard J. Friedman, of Leoris & Cohen, P.C., of Highland Park, for appellant.

Barbara Swanson Rominski, of Swanson & Rominski, and Charles M. May, Ltd., both of Waukegan, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Panagiotis Sakellariadis, appeals from a judgment of the circuit court which dismissed his complaint against defendant, James Spanos, on the ground that the action was barred by the statute of limitations. Plaintiff contends that the trial court erred in applying the two-year limitations period contained in the Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2508), rather than the five-year general provision of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—205). Alternatively, plaintiff contends that the court erred in finding that he did not file his complaint within a reasonable time after the effective date of the Parentage Act, under which the time within which this action was required to be commenced was shortened.

In this action, plaintiff sought to establish that he was the father of the child, George J. Spanos, who was given birth to by Nancy

Spanos on April 28, 1983, while she was married to defendant, James Spanos. Thereafter, on November 9, 1985, Nancy Spanos was killed in an automobile accident. Plaintiff filed this case on July 9, 1986, as a declaratory judgment action (see *In re Petition of Sullivan* (1985), 134 Ill. App. 3d 455, 459, 480 N.E.2d 1283) which was subsequently amended to a cause of action brought pursuant to section 7 of the Parentage Act. Ill. Rev. Stat. 1985, ch. 40, par. 2507(a).

The complaint alleged, *inter alia*, that Nancy and James Spanos were married, but living apart, from March through August 1982, during which time plaintiff and Nancy Spanos engaged in sexual relations, and that the child, George J. Spanos, was plaintiff's son.

Defendant moved to dismiss the complaint on the ground that the action was barred by section 8(2) of the Parentage Act (Ill. Rev. Stat. 1985, ch. 40, par. 2508(2)) as it was not brought within two years of the child's birth as required by that act, which became effective July 1, 1985. Plaintiff responded that, at the time of the child's birth, the former Paternity Act (Ill. Rev. Stat. 1985, ch. 40, par. 1351 *et seq.*, repealed Jan. 1, 1984) was in effect and did not contain a statute of limitations and, therefore, the five-year limitation period of section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—205) applied to this action. On December 9, 1986, plaintiff filed a supporting affidavit in the case in which he stated, *inter alia*, that he had discussed the paternity of the child with Nancy Spanos prior to her death and had visited the child on a number of occasions. Nancy Spanos was unwilling to obtain a divorce from defendant, however, saying that she "was going to try to make a go of her marriage because of the child." Plaintiff stated that he offered Nancy Spanos financial help, but she refused it and that "I thought about doing something to establish that I was George's father, but Nancy would have been very much against this." After Nancy Spanos' death, plaintiff stated that he made repeated efforts to meet with defendant in order to make some kind of visitation arrangements, but was rebuffed. On the same day that plaintiff filed his affidavit, defendant filed a motion to strike it; however, no ruling on the motion to strike was ever obtained from the circuit court.

The circuit court found that the limitations term of the Parentage Act applied to this action and that plaintiff had a reasonable time after the effective date of the Parentage Act in which to commence his action for paternity. The court set a date for an evidentiary hearing on the issue of whether July 9, 1986, when this action was commenced, was within a reasonable time of the July 1, 1985, effective date of the Act.

At the hearing held on January 20, 1987, defendant called plaintiff as an adverse witness and examined him as to the statements plaintiff had made in his affidavit. Plaintiff testified that he had sexual relations with Nancy Spanos between March or April and August of 1982. He said that, when he first met Nancy Spanos, she had told him she was divorced but in August 1982 informed him that had not yet occurred. Plaintiff testified that he first learned that he might be the father of her child in October 1982, and that he always thought about doing something to establish that he was the child's father; he felt strongly about doing so after Nancy Spanos died. Plaintiff described attempts he had made between January 1986 and May 1986 to discuss the parentage of the child with defendant, but that defendant had refused to talk with him. Plaintiff knew that from November 1985 through January 1986 defendant was living in a motel in Janesville, Wisconsin, where defendant owned a restaurant, and stated that on May 1, 1986, he went there to see defendant but was told that he no longer owned the restaurant. Plaintiff stated that in the first week of May 1986, he saw his attorney concerning the paternity matter for the first time.

Plaintiff called defendant's stepbrother, Steve Spanos, as a witness who testified that in November 1985 he was working at a restaurant with defendant in Janesville, Wisconsin, where he and defendant lived at a motel. Steve Spanos stated that he lived in the motel until the first part of December 1985, when defendant asked him to leave, and that defendant lived there until April 1986. The witness also testified that defendant lived in a house in Janesville with a waitress in April 1986, and that Nancy Spanos stayed at her parents' house in Waukegan, Illinois. While defendant was living at the motel in Wisconsin, defendant traveled to Waukegan two or three times a week and kept his clothing at Nancy's parents' house.

After hearing the evidence, the trial court found that the delay of one year and eight days between the effective date of the limitations statute and the filing of the complaint was an unreasonable period of time. The court further rejected plaintiff's argument that section 8(b) of the Parentage Act (Ill. Rev. Stat. 1985, ch. 40, par. 2508(b)) tolled the running of the reasonable time period within which to commence the action while defendant lived in Wisconsin as defendant was not subject to service of process at that time. The trial court dismissed the complaint as not timely filed, and plaintiff appeals.

We note that this court has not been provided with a properly certified report of proceedings of the January 20, 1987, hearing.

Plaintiff tendered to the clerk of this court a report of proceedings for that hearing which was neither certified by the trial judge nor stipulated to by the parties, as is required by Supreme Court Rule 323(b) (107 Ill. 2d R. 323(b)). Plaintiff was notified by our clerk that either certification or a stipulation was required, but he has not responded.

■■ ■ Certification of a report of proceedings is designed to assure the accuracy of the record but is not a jurisdictional requirement. (*Ray v. Winter* (1977), 67 Ill. 2d 296, 302-03, 367 N.E.2d 678.) Where there has been an improper authentication of a report of proceedings, but no prejudice is alleged from any inaccuracies or omissions in the verbatim report of proceedings furnished, a reviewing court may amend the record and treat it as having been properly certified. (*Ray*, 67 Ill. 2d at 303; 107 Ill. 2d R. 329.) We chose to treat the report of proceedings in this case as properly certified since no prejudice is claimed by appellee, both parties refer to and rely on the report of proceedings in their briefs, and neither has questioned the accuracy of the transcript.

Defendant does argue that the plaintiff's affidavit found in the record should be stricken by this court. That contention has been waived since defendant was required to bring his motion to strike the affidavit to the attention of the circuit court for a ruling and did not do so. (*McBride v. Commercial Bank* (1981), 101 Ill. App. 3d 760, 763, 428 N.E.2d 739, *appeal denied* (1982), 91 Ill. 2d 553.) Defendant did not there seek a ruling on his motion but did utilize the affidavit at the evidentiary hearing to examine plaintiff. We note that plaintiff filed this affidavit in response to defendant's motion to dismiss made pursuant to section 2—619(a)(5) of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(5)), under which affidavits are appropriate. Ill. Rev. Stat. 1985, ch. 110, par. 2—619(c).

We then consider plaintiff's contention that the trial court erred in refusing to apply the general five-year statute of limitations of section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—205) to this action, under which the complaint would be timely.

■ The general rule in Illinois is that an amendment shortening a statute of limitations will not be retroactively applied so as to terminate a cause of action unless the party has had a reasonable period of time after the amendment's effective date in which to file his action. (*Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 421, 490 N.E.2d 665; *Young v. Pease* (1983), 114 Ill. App. 3d 120, 125, 448 N.E.2d 586.) In *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d

223, 447 N.E.2d 408, the court considered whether a new statute of limitations should be applied retroactively to bar plaintiff's cause of action and there invoked the reasonable time rule. The rule has also been consistently applied by the appellate court. (See, *e.g., Clark v. St. John's Hospital* (1984), 128 Ill. App. 3d 989, 991-92, 471 N.E. 2d 912; *Matayka v. Melia* (1983), 119 Ill. App. 3d 221, 223-24, 456 N.E.2d 353; *Jones v. Brill* (1981), 97 Ill. App. 3d 943, 944-45, 423 N.E.2d 930; *Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 530, 391 N.E.2d 177.) We conclude that the trial court correctly considered the reasonable time rule to be applicable in this case.

■ Plaintiff next argues that the trial court erred in finding that commencing this action one year and eight days after the effective date of section 8 of the Parentage Act was not reasonable. Plaintiff cites no authority in support of his argument, as is required by Supreme Court Rule 341(e)(7). (107 Ill. 2d 341(e)(7).) A contention that is supported by some argument, but by no authority, does not satisfy the requirements of the rule and is considered waived. (*Lunde v. Rockford Public Library Board* (1987), 153 Ill. App. 3d 803, 806, 506 N.E.2d 385; *In re Marriage of Anderson* (1985), 130 Ill. App. 3d 684, 688-89, 474 N.E.2d 911, 914.) However, we chose not to apply the waiver rule in this instance and will consider the issue.

What constitutes a reasonable time in such circumstances to commence an action will depend on the facts of each case. In *Nergenah v. Norfolk & Western Ry. Co.* (1980), 81 Ill. App. 3d 866, 868, 401 N.E.2d 1154, the court considered that a 7½-month delay was reasonable, but in *Charles v. Meyer Medical Group* (1981), 96 Ill. App. 3d 275, 278, 421 N.E.2d 334, a 14-month delay was found to be unreasonable. The reviewing courts have not generally set forth the factors upon which their reasonable time determination was made, but it is apparent that their analysis was based upon the facts of each case. It is clear, however, that a reasonable time for bringing an action in such cases cannot be greater than the statutory limitation period itself, in this case two years, since this would defeat the purpose of the statute. *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, 422, 490 N.E.2d 665.

*Matayka v. Melia* (1983), 119 Ill. App. 3d 221, 456 N.E.2d 353, is analogous to the present case. There, the court found a delay of nine months after the amendment of the statute to be unreasonable. In making its determination, the court noted that the plaintiff had knowledge of his cause of action for a considerable period of time, and that defendant refused to negotiate with him. (*Matyka*, 119 Ill. App 3d at 224-25.) Here, plaintiff waited for over a year from the ef-

fective date of the Parentage Act, and was rebuffed when he sought to discuss the paternity matter with the defendant. The defendant's refusal to discuss the matter should have suggested to plaintiff that his only recourse was legal action.

Plaintiff also suggests that his delay was reasonable since he abstained from filing a cause of action while Nancy Spanos was alive because she was attempting to preserve her marriage. The difficulty with this contention, however, is that Nancy Spanos died in November 1985, and plaintiff did not file his action until July 1986, about eight months later. We consider this basis for delay in asserting plaintiff's claim of paternity to be too subjective and dependent on happenstance to permit a finding of reasonableness. If Nancy Spanos had died more than two years from the effective date of section 8 of the Act, plaintiff's action would be conclusively barred.

Plaintiff also offers as an explanation for his delay that defendant lived for a time in Wisconsin, during which he was not subject to service of process. Plaintiff argues that section 8(b) of the Parentage Act (Ill. Rev. Stat. 1985, ch. 40, par. 2508(b)) tolled the running of the limitations period while defendant resided in Janesville. The trial court rejected this contention noting that defendant continued to return to Waukegan, Illinois, where his wife lived and where he kept his clothes. The record also indicates that defendant was a resident of Illinois, and he was thus subject to personal service outside the State (Ill. Rev. Stat. 1985, ch. 110, par. 2—208). Nor was any evidence offered that plaintiff did not file his action because he feared he could not serve process on defendant.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.