*In re* MARRIAGE OF KEITH REX INGRAM, Petitioner-Appellee, and SANDRA LYNN INGRAM, Respondent-Appellant.

Fifth District　No. 5—87—0738

Opinion filed November 15, 1988.

Michael J. Meyer, of Effingham, for appellant.

Lou J. Viverito, of Taylor, Wolff, Burkey & Eder, P.C., of Effingham, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Petitioner, Keith Ingram, filed for dissolution of marriage and custody of the parties' minor child on December 17, 1985, alleging, *inter alia*, that respondent, Sandra Ingram, had been guilty of adultery during the marriage, that she had left the marital residence, and that she was employed and well able to furnish support for petitioner and the one minor child still living with petitioner. Petitioner requested dissolution of the marriage, a determination of the respective property rights of the parties, custody of the minor child, maintenance for himself, support for the minor child, and payment of attorney fees and costs.

Additionally, petitioner filed a separate motion for temporary custody and a supporting affidavit in which he stated that the one minor child born during the marriage, Jarred Ingram, had resided with petitioner since the child's birth and continued to reside with petitioner after December 2, 1985, the date upon which respondent left the marital residence. Petitioner further stated that he had been informed and believed that respondent planned to take Jarred and move from the Edgewood, Illinois, area and that she had enrolled Jarred in a school in Tolono, Illinois. Petitioner concluded that the best interests of Jarred would be served if his custody were to be awarded to petitioner. He noted that Jarred was enrolled in school in Mason, Illinois, that his friends and schoolmates resided in the area, and that the respondent maintained an open conjugal relationship with another man and had exposed Jarred to that relationship. Petitioner stated that he had provided the primary care to Jarred during the marriage.

On January 7, 1986, the circuit court entered an order awarding temporary custody of Jarred to petitioner during the pendency of divorce proceedings. Respondent was awarded visitation on weekends.

Respondent, on January 28, 1986, filed a response to the petition for dissolution and a counterclaim wherein she charged petitioner with acts of extreme and repeated mental cruelty. She acknowledged that Jarred was born during the marriage, on September 4, 1979, and stated that she was a fit and proper person to have sole custody of Jarred. She claimed that she had insufficient income and assets with which to support herself and Jarred and alleged that petitioner had sufficient income with which to contribute to her support and that of Jarred. Respondent requested a judgment of dissolution of marriage, sole custody of Jarred, maintenance, child support, an assignment of her nonmarital property to her, and an apportionment of marital property and obligations.

Petitioner filed a response to respondent's counterclaim on February 18, 1986. On April 10, 1986, he filed a motion for an order of protection in which he alleged that respondent and a male friend had physically and verbally abused and threatened him in the presence of Jarred. According to petitioner, respondent told him to drop the "custody thing" or he would never see Jarred again. Petitioner requested that respondent and her agents be ordered to refrain from striking, threatening or harassing petitioner, or interfering with the personal liberty of petitioner and Jarred. Further, petitioner requested that respondent be prohibited from removing the child from the jurisdiction or concealing him from petitioner. Finally, petitioner sought payment of court costs and his attorney fees.

The circuit court entered an interim order of protection on April 11, 1986, ordering the parties to refrain from striking, threatening or harassing each other, or interfering with the personal liberty of each other or Jarred. The parties were also prohibited from removing Jarred from the jurisdiction or concealing him from each other.

On April 23, 1986, respondent filed a response to petitioner's motion for an order of protection, in which she denied abusing or threatening petitioner and prayed for a denial of petitioner's motion and payment of her attorney fees occasioned by the motion.

A judgment of dissolution of marriage was entered on May 12, 1986, in which the circuit court found that respondent had, without cause or provocation on the part of the petitioner, been guilty of extreme and repeated mental cruelty. The court reserved all remaining issues for disposition at a future date and continued the temporary custody order of January 7, 1986. The court ordered the Department of Children and Family Services to conduct an investigation and prepare a report concerning custodial arrangements for Jarred.

A report was filed by the Department of Children and Family Services on July 14, 1986. The report concluded that petitioner, although a paraplegic, was capable of caring for Jarred and providing a "nurturing and supportive" environment.

On September 18, 1986, respondent moved for summary judgment on the issue of custody, alleging that petitioner is not Jarred's natural father. In a supporting affidavit, respondent stated that she had not had sexual intercourse with petitioner at any time during their marriage and that Jarred had been conceived as a result of sexual intercourse with a man other than petitioner.

Petitioner filed objections to respondent's motion for summary judgment. First, petitioner noted that respondent had stated in her response to the petition for dissolution that Jarred was indeed the child "of the parties." Petitioner argued that respondent's statements in the pleadings constituted binding admissions. Second, petitioner observed that the child's birth certificate, which was signed by respondent, named petitioner as the child's father. Third, petitioner argued that respondent's attempt to challenge the existence of the parent-child relationship was time barred, citing as supporting authority section 8 of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2508).

Pursuant to leave of the circuit court, respondent, on October 31, 1986, filed an amended counterclaim, incorporating her allegation that petitioner is not Jarred's natural father. In his response to the amended counterclaim, and in a separately filed motion, petitioner

sought to strike the allegation of nonexistence of a parent-child relationship as time barred. The circuit court on May 21, 1987, ordered the respondent's allegation stricken because the matter was first raised more than two years after she admitted having knowledge of the relevant facts relating thereto.

On September 28, 1987, the circuit court found that the best interests of the child dictated an award of custody to petitioner. On October 27, 1987, respondent filed notice of appeal, seeking review of the court's May 21, 1987, order striking her allegation of nonpaternity and the September 28, 1987, judgment of dissolution of marriage which granted permanent custody of Jarred to petitioner.

On appeal, respondent contends that the circuit court erred in holding that respondent's failure to comply with the terms of the statute of limitations in the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(3)) barred consideration of the issue of paternity in the parties' custody dispute. We believe that the circuit court's ruling was correct and respondent is precluded from raising the paternity issue.

■ Section 8(a)(3) of the Parentage Act (Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(3)) provides that

"[a]n action to declare the non-existence of the parent and child relationship shall be barred if brought later than 2 years after the petitioner obtains knowledge of relevant facts. Failure to bring an action within 2 years shall not bar any party from asserting a defense in any action to declare the existence of the parent and child relationship."

Respondent first argues that section 8(a)(2) is inapplicable in this case because petitioner's action was instituted pursuant to the custody provisions of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 601 *et seq.*), rather than the Parentage Act. Respondent ignores section 9(a) of the Parentage Act (Ill. Rev. Stat. 1985, ch. 40, par. 2509(a)), which provides in pertinent part:

"In any civil action not brought under this Act, the provisions of this Act shall apply if parentage is at issue."

Respondent has attempted to make parentage an issue in the custody controversy; therefore, the statute of limitations in the Parentage Act applies.

■ Respondent next contends that she is asserting the nonparentage of petitioner as a defense to petitioner's attempt to gain custody of Jarred; therefore, section 8 allows her to place nonparentage in issue. Respondent's second contention fails because petitioner did not

bring an "action to declare the existence of the parent and child relationship." (Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(3).) Petitioner brought an action to, *inter alia*, gain permanent custody of Jarred. Petitioner need not necessarily be, or establish that he is, the natural father or parent of Jarred in order to obtain legal custody of Jarred. (See *In re Custody of Peterson* (1986), 112 Ill. 2d 48, 491 N.E.2d 1150; *In re Custody of Townsend* (1981), 86 Ill. 2d 502, 427 N.E.2d 1231 (court need not find that the natural parent is unfit or has forfeited his custodial rights before awarding custody to another person if the best interests of the child will be served).) Matters of custody and parentage involve separate legal issues. Petitioner did not, by seeking to gain permanent custody of Jarred, seek a declaration of the existence of a parent-child relationship. That relationship was already presumed. Jarred's birth certificate, which was signed by respondent, states that petitioner is Jarred's father. Moreover, the fact that Jarred was born during the parties' marriage raises a presumption that petitioner is Jarred's father. (*People ex rel. Valle v. Valle* (1983), 113 Ill. App. 3d 682, 447 N.E.2d 945.) Petitioner had no reason to seek to establish a parent-child relationship; he was already presumed to be Jarred's father.

Respondent next argues that her first amended counterclaim should be construed as an action brought "on behalf of the child" within the meaning of section 8(a)(1). (Ill. Rev. Stat. 1985, ch. 40, par. 2508(a)(1).) An action brought by or on behalf of the child would be barred only if brought later than two years after the child reached the age of majority. Respondent relies upon *People ex rel. Todd v. Harvey* (1987), 154 Ill. App. 3d 296, 507 N.E.2d 110, to support her argument that her interests are synonymous with Jarred's. *Todd* is distinguishable. In *Todd*, an action was brought seeking support for the child. In the case before us, defendant seeks to deprive the child of the only father he has known, thereby depriving Jarred of a source of financial and emotional support. We fail to see how respondent's actions could be interpreted as pursued on the child's behalf.

Respondent argues that the statute of limitations in section 8 should not be given retroactive effect if in fact it is applicable. Respondent notes that the two-year statute of limitations in the previously existing Paternity Act (Ill. Rev. Stat. 1981, ch. 40, par. 1354) was held unconstitutional in *Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24. That statute, respondent asserts, was void and thus inapplicable to her. Respondent then reasons that the effect of retroactive application of the new statute of limitations, section 8(a)(3), would be to extinguish her cause of action to declare the non-

existence of the parent-child relationship as of July 1, 1985, the effective date of the Parentage Act.

We must first determine whether the legislature intended retroactive application of section 8. Section 25 of the Parentage Act provides:

> "Except as provided in Section 8 of this Act, the repeal of the 'Paternity Act', approved July 5, 1957, as amended, *shall not affect rights or liabilities which have accrued thereunder and which have been determined, settled or adjudicated prior to the effective date of this Act* or which are the subject of proceedings pending thereunder on such effective date. Provided further, *this Act shall not be construed to bar an action which would have been barred because the action had not been filed within the then applicable time limitation,* or which could not have been maintained under the 'Paternity Act,' approved July 5, 1957 and repealed hereunder, *as long as the limitations periods set forth in Section 8 of this Act are complied with.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 40, par. 2525.)

We believe the language of this provision indicates that the legislature intended a retroactive application of the statute as applied to respondent.

■ The general rule in Illinois is that an amendment shortening a statute of limitations will not be retroactively applied so as to terminate a cause of action unless the party has had a reasonable period of time after the amendment's effective date in which to file an action. (*Sakellariadis v. Spanos* (1987), 163 Ill. App. 3d 1084, 517 N.E.2d 324.) In this case we have a new statute of limitations rather than an amendment shortening a prior statute. Nonetheless, the difference is inconsequential and the reasonable time rule still applies. *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 447 N.E.2d 408; *Sakellariadis*, 163 Ill. App. 3d at 1089, 517 N.E.2d at 327-28.

■ We believe respondent failed to allege the nonexistence of the parent-child relationship within a reasonable time after the statutory change. Respondent waited 15 months after the effective date of the statute to allege the nonexistence of the parent-child relationship. She waited until nine months after petitioner had filed for dissolution of the marriage and temporary custody of Jarred before she claimed petitioner was not Jarred's father. Jarred was seven years old when she first raised this issue and she presumably had knowledge of the facts underlying her cause of action before Jarred's birth. We believe respondent did not raise this matter within a reasonable time after the effective date of the statute and she should be barred from asserting

it now. See *Charles v. Meyer Medical Group* (1981), 96 Ill. App. 3d 275, 421 N.E.2d 334 (14-month delay was found to be unreasonable); *Matayka v. Melia* (1983), 119 Ill. App. 3d 221, 456 N.E.2d 353 (nine-month delay unreasonable); *Sakellariadis*, 163 Ill. App. 3d at 1089-90, 517 N.E.2d at 328-29 (delay of over a year unreasonable).

■■ Finally, respondent argues that section 8 of the Parentage Act is unconstitutional because it extinguishes a legal "vested" right and because the two-year statutory limitation is, according to respondent, no more constitutional as applied to her than it was as applied to a minor illegitimate child under the previous statute. Unlike an illegitimate minor child, respondent was under no legal disability and could have brought her action at any time. The cases that held the prior statute of limitations unconstitutional ruled that it violated the rights of illegitimate minors in that it did not provide them with an adequate opportunity to obtain support. (See *Pickett v. Brown* (1983), 461 U.S. 1, 76 L. Ed. 2d 372, 103 S. Ct. 2199; *Jude*, 117 Ill. App. 3d at 783, 454 N.E.2d at 25.) Respondent has cited no authority in support of her argument that the statute is unconstitutional, nor has she provided us with a reasoned argument to that effect. Moreover, respondent has cited no cases which hold that one parent has a vested right to challenge the parentage of another. Thus, respondent has waived these contentions by failing to provide meaningful argument or cite relevant authority. Reviewing courts are entitled to have the issues clearly defined and to be cited pertinent authority; they are not a depository into which an appellant is to dump the entire matter of pleadings, court action, argument and research. (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 453 N.E.2d 1133.) Respondent has failed to comply with Supreme Court Rule 341(e)(7) (113 Ill. 2d R. 341(e)(7)). Thus, we hold her contentions waived. See *Britt v. Federal Land Bank Association* (1987), 153 Ill. App. 3d 605, 505 N.E.2d 387.

For the foregoing reasons the judgment of the circuit court of Effingham County is affirmed.

Affirmed.

WELCH and CALVO, JJ., concur.