*In re* MARRIAGE OF PENELOPE J. BECKETT, Petitioner-Appellee, and THOMAS W. BECKETT, Respondent-Appellant (The Department of Public Aid, Intervenor-Appellee).

Fourth District   No. 4—89—0552

Opinion filed March 22, 1990.

Darrell L. Hartweg, of Luedtke, Hartweg & Turner, of Bloomington, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Eve Moran, Assistant Attorney General, of Chicago, of counsel), for appellee Department of Public Aid.

JUSTICE LUND delivered the opinion of the court:
Thomas W. Beckett (respondent) brings this appeal from an order

of the circuit court of McLean County entered on January 19, 1989, and the supplemental order of judgment of dissolution of marriage entered on July 7, 1989. The issue before the court is whether respondent was barred by the limitations provision set forth in section 8 of the Illinois Parentage Act of 1984 (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 2508) from seeking the determination that he was not the father of the two minor children born during the marriage of the parties.

Respondent and Penelope J. Beckett (petitioner) were married on August 18, 1979, and two children were born to the marriage, a girl born November 11, 1979, and a boy born March 27, 1981. Pursuant to an order of the circuit court on July 20, 1988, blood tests were administered for purposes of determining the paternity issue. These tests indicated that respondent was excluded as the biological father of both the boy and the girl.

Petitioner filed her petition for dissolution of marriage on February 7, 1984. After a hearing on February 15, 1984, a protection order and temporary child support order were entered on February 16, 1984. Respondent was present at the February 15 hearing and agreed to the support order. A hearing on the petition for dissolution of marriage was held on May 29, 1984, and respondent, by his attorney, consented to a default order on the issue of grounds. A written judgment was entered on May 31, 1984, providing a finding that "two children were born to the marriage of the parties." The order dissolved the marriage, but reserved "for further hearing all issues concerning permanent custody, permanent support, maintenance, division of property and attorneys' fees between the parties." It also provided "all temporary orders previously entered in this cause shall remain in full force and effect."

A petition for rule to show cause relating to the failure to pay child support was filed on March 25, 1985. On March 20, 1985, a notice of hearing on the "Petition for Rule to Show Cause and all other remaining issues" had been filed. The hearing on the petition for rule to show cause was set for April 29, 1985, and a docket order for that date states:

"Both counsel appear for hearing noticed. By agreement of counsel, hearing is continued generally for respondent to file response and for medical testing in re paternity which is contested. Respondent acknowledges receipt of copy of rule."

No further action is indicated in the court proceedings and the court file until October 3, 1986, when the Illinois Department of Public Aid filed a petition to intervene and set support.

On March 25, 1987, petitioner's counsel filed a motion to with-

draw, giving the reason "that he has been unable to communicate with the petitioner during the past twelve months, and he cannot continue to represent her under such circumstances." The motion to withdraw was allowed on April 21, 1987. On December 2, 1987, respondent filed a "Petition to Terminate Temporary Child Support Order, to Vacate Portions of Judgment of Dissolution, and for Court Ordered Blood Tests to Determine Paternity." This petition alleged Penelope J. Beckett had refused to submit herself and the children to blood tests. It asked to vacate that portion of the May 29, 1984, order dissolving the marriage which provided that the respondent was the father of the two children.

The balance of the trial court proceedings can be summarized for purposes of this appeal. The Illinois Department of Public Aid was allowed to intervene. Petitioner appeared and obtained new counsel. The court ordered the blood tests, and the results, as already noted in this opinion, indicated that the respondent was not the father of the two children. After the trial court first decided the statute of limitations did not bar respondent from proceeding on the paternity issue, the court reversed itself and, on January 20, 1989, the trial court filed its opinion which stated, in essence, that *In re Marriage of Ingram* (1988), 176 Ill. App. 3d 413, 531 N.E.2d 97, was authority for determining that the paternity issue was barred by the statute of limitations. Subsequently, a final judgment was entered, determining all the matters reserved in the original dissolution order, and this appeal followed.

The relevant statutory provisions of the Act are as follows:

"Presumption of Paternity. (a) A man is presumed to be the natural father of a child if:

(1) he and the child's natural mother are or have been married to each other, even though the marriage is or could be declared invalid, and the child is born or conceived during such marriage." Ill. Rev. Stat. 1985, ch. 40, par. 2505(a)(1).

"Determination of Father and Child Relationship; Who May Bring Action; Parties. (a) An action to determine the existence of the father and child relationship, whether or not such a relationship is already presumed under Section 5 of this Act, may be brought by the child; the mother; a pregnant woman; any person or public agency who has custody of, or is providing or has provided financial support to, the child; or a man presumed or alleging himself to be the father of the child or expected child. The complaint shall be verified and shall name the person or persons alleged to be the father of the child.

(b) An action to declare the non-existence of the parent and child relationship may be brought by the child, the natural mother or a man presumed to be the father under Section 5 of this Act. The complaint shall be verified. After the presumption has been rebutted, paternity of the child by another man may be determined in the same action, if he has been made a party." Ill. Rev. Stat. 1985, ch. 40, par. 2507.

"Statute of limitations. (a)(1) An action brought by or on behalf of a child shall be barred if brought later than 2 years after the child reaches the age of majority; however, if the action on behalf of the child is brought by a public agency, it shall be barred 2 years after the agency has ceased to provide assistance to the child.

(2) An action brought on behalf of any person other than the child shall be barred if brought later than 2 years after the birth of the child. Failure to bring an action within 2 years shall not bar any party from asserting a defense in any action to declare the non-existence of the parent and child relationship.

(3) An action to declare the non-existence of the parent and child relationship shall be barred if brought later than 2 years after the petitioner obtains knowledge of relevant facts. Failure to bring an action within 2 years shall not bar any party from asserting a defense in any action to declare the existence of the parent and child relationship." Ill. Rev. Stat. 1985, ch. 40, par. 2508.

"Jurisdiction; Venue. (a) The circuit courts shall have jurisdiction of an action brought under this Act. In any civil action not brought under this Act, the provisions of this Act shall apply if parentage is at issue. The Court may join any action under this Act with any other civil action where applicable." Ill. Rev. Stat. 1985, ch. 40, par. 2509(a).

"Except as provided in Section 8 of this Act, the repeal of the 'Paternity Act,' approved July 5, 1957, as amended, shall not affect rights or liabilities which have accrued thereunder and which have been determined, settled or adjudicated prior to the effective date of this Act or which are the subject of proceedings pending thereunder on such effective date. Provided further, this Act shall not be construed to bar an action which would have been barred because the action had not been filed within the then applicable time limitation, or which could not have been maintained under the 'Paternity Act,' approved July

5, 1957 and repealed hereunder, as long as the limitations periods set forth in Section 8 of this Act are complied with." Ill. Rev. Stat. 1985, ch. 40, par. 2525.

The Act was effective on July 1, 1985.

■■ The fact that the present action was under the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 101 *et seq.*) does not negate the statute-of-limitation provisions of section 8 of the Act. See Ill. Rev. Stat. 1985, ch. 40, 2509(a); *Ingram*, 176 Ill. App. 3d at 417, 531 N.E.2d at 100.

■ We note with approval that the appellate court in *Ingram* held that the legislature intended retroactive application of the Act, conditioned on it not being retroactively applied so as to terminate a cause of action unless the party affected had a reasonable period of time after the amendment's effective date in which to file an action. *Ingram*, 176 Ill. App. 3d at 419, 531 N.E.2d at 101; *Sakellariadis v. Spanos* (1987), 163 Ill. App. 3d 1084, 1088, 517 N.E.2d 324, 327-28.

■ In *Ingram*, the court held the respondent failed to allege the nonexistence of the parent-child relationship within a reasonable time after the statutory change. Respondent had waited 15 months. In the present case, the first mention of the parentage dispute in the court proceedings was that shown by the docket entry of April 29, 1985, approximately two months before the effective date of the Act. However, the first pleading relating to the issue was filed December 2, 1987, more than two years after the effective date of the Act. This time sequence also indicates that section 8(a)(3) of the Act is not applicable in this cause. The Act requires the action to be brought within two years (section 8) and the complaint shall be verified (section 7(b)). (Ill. Rev. Stat. 1985, ch. 40, pars. 2508, 2507(b).) When parentage is at issue, the provisions of the Act shall apply to any civil case (section 9). (Ill. Rev. Stat. 1985, ch. 40, par. 2509.) Respondent's filing was beyond the time when the statute of limitations would have run.

■ The filing of a notice of an intent to file a motion is not a filing of a motion within a required time. (*Kollath v. Chicago Title & Trust Co.* (1975), 62 Ill. 2d 8, 10, 338 N.E.2d 188, 190.) We see no justification for finding the expression of intention to bring an action to determine parentage sufficient to toll the limitation requirement. The filing was not within the two-year period.

■ Respondent's argument that he should be able to proceed with the paternity issue any time during the pendency of a dissolution action is without merit. It is obvious that the Parentage Act provisions apply to any action brought under the Illinois Marriage and Dis-

solution of Marriage Act (see Ill. Rev. Stat. 1985, ch. 40, par. 2509), and section 8 of the Act, providing for the limitations, clearly establishes a policy of requiring that the party seeking to negate paternity must commence proceedings to do so within the limitation period. The social issues and evidentiary issues involved are obvious and need no discussion by our court. The trial court's decision of January 10, 1989, was correct.

Affirmed.

GREEN and STEIGMANN, JJ., concur.