574 N.E.2d 172 (1991)
214 Ill. App.3d 683
158 Ill.Dec. 378
In re ESTATE OF Charles Everett WILLIS, deceased (Bertha L. Willis, Appellant,
v.
Linda Rowser, et al., Petitioners-Appellees).
No. 1-89-2536.
Appellate Court of Illinois, First District, Sixth Division.
May 24, 1991.
*173 P. Scott Neville, Jr., Chicago, for widowappellant.
Henry E. Szachowicz, Jr., Morton Grove, for petitioners-appellees, Linda Rowser and Lisa Brown.
Levin & Rosen, Ltd., Skokie (Earl Weiss, of counsel), for petitioner-appellee, Lanna Harris.
Justice LaPORTA delivered the opinion of the court:
In a probate proceeding of a decedent's estate in which the widow on April 26, 1985, was declared to be the sole heir, petitions were filed on August 6, 1985, and on April 14, 1987, by three adults, Lanna Harris, Linda Rowser and Lisa Brown, who purported to be children of the decedent. They sought amendment of the order of heirship to declare them to be the children and heirs of the decedent. On May 17, 1989, following an evidentiary hearing, the trial court amended the order of heirship to declare the widow and three adult daughters as decedent's lawful heirs. The widow's motion for rehearing was denied and she appealed.
On appeal, the widow contends initially that the trial court had no subject matter jurisdiction to amend the order declaring heirship because both the parentage hearing to identify who was the father to the three women, and entry of the subsequent order, occurred after the statute of limitations had expired for a paternity action.
The widow also contends the amended order declaring heirship is void because evidence of Lanna Harris' illegitimacy was testified to by her mother and Illinois courts prohibit mothers from illegitimizing their children. Finally, the widow contends the amended order declaring heirship is void because Otis Harris, Lanna Harris' presumed father, was not served with a summons as required by section 2509.1(a) of the Illinois Parentage Act.
The facts of the case are not in dispute. Charles Everett Willis died on April 16, 1985. On April 25 his widow, Bertha Willis, filed a petition for letters of administration and an affidavit of heirship in the probate court. Based on her testimony at the hearing on proof of heirship, the probate court declared Bertha Willis the only heir, appointed her administrator of his estate and issued letters of office to her.
On August 6, 1985, Lanna Harris filed a petition alleging that she was the acknowledged child of Charles Willis and that she should have properly been listed as an heir to his estate. She asked the court to *174 amend its order and declare her an heir. Bertha Willis filed an answer denying Lanna Harris' heirship and then filed both a motion for summary judgment and a motion to dismiss Harris' petition based on statute of limitations grounds. The trial court denied both motions and on March 10, 1987 denied a subsequent motion to reconsider. Harris' petition was subsequently heard on March 28, 1989.
On April 14, 1987, two sisters, Linda Rowser and Lisa Brown, filed a petition alleging they were Charles Willis' acknowledged children. They asked the court to grant them leave to file an amended affidavit of heirship to establish them as Willis' heirs. The trial court denied Bertha Willis' motion to dismiss the petition.
On March 28, 1989 and five days subsequent, the trial court heard testimony and arguments on the petitions of the three women. The parties stipulated that Linda Rowser was the child involved in a support and annulment proceeding in 1957 between Charles Willis and Elsa Scott, Linda Rowser's mother.
On May 12, 1989 the trial court granted the two petitions and on May 17 amended the order declaring heirship to include not only Bertha Willis but also Lanna Harris, Linda Rowser and Lisa Brown.
Bertha Willis appealed, contending initially that the trial court erred by not determining the three women's parentage under the Illinois Parentage Act of 1984 before applying the Probate Act of 1975 to determine heirship. Willis contends that if the court had done so, it would have determined that the three women failed to file their parentage claims within two years of reaching the age of majority as required by the Parentage Act.
Willis cites two cases for the proposition that parentage must be determined before heirship. (In re Person and Estate of Newsome (1988), 173 Ill.App.3d 376, 382, 123 Ill.Dec. 61, 527 N.E.2d 524, LeHew v. Mellyn (1985), 131 Ill.App.3d 314, 316, 86 Ill.Dec. 534, 475 N.E.2d 913. In Person, the court, citing LeHew, held that in child custody proceedings, where the identity of the natural father has not been determined, and one claiming to be the father is before the court, the court's first duty is to address the issue of paternity. (Person, 173 Ill.App.3d at 382, 123 Ill.Dec. 61, 527 N.E.2d 524.) In LeHew, the trial court was asked to decide visitation and parentage of a minor child. On appeal, the court found the trial court improperly dismissed petitioner's motion for determination of parentage and held that the identity of the child's natural father should be determined at the outset of such a proceeding. LeHew, 131 Ill.App.3d at 316, 86 Ill.Dec. 534, 475 N.E.2d 913.
Willis contends that since the 2-year statute of limitations in the Paternity Act was declared unconstitutional in Jude v. Morrissey (1983), 117 Ill.App.3d 782, 73 Ill.Dec. 280, 454 N.E.2d 24, the trial court should have applied the statute of limitations in the Code of Civil Procedure to require the three women to file suit as a declaratory judgment action within two years after they reached the age of 18. (Ill.Rev.Stat.1983, ch. 110, par. 13-211.) All three women were in their 30s when they filed their petitions here. Bertha Willis argues that since the three women failed to file within the statute of limitations period, the trial court lost subject matter jurisdiction over their parentage action and therefore was barred from declaring the three women heirs to Charles Willis.
Bertha Willis argues that this 2-year statute of limitations would apply even if this court were to follow the current law in the Illinois Parentage Act of 1984 because both petitions were filed with the probate court after the Illinois Parentage Act of 1984 went into effect. The Illinois Parentage Act of 1984 states that: "An action brought by or on behalf of a child shall be barred if brought later than 2 years after the child reaches the age of majority * * *." Ill.Rev.Stat. 1989, ch. 40. par. 2508(a).
Bertha Willis contends that to permit the three women to file claims though all three are past their 20th birthday would only serve to encourage fraudulent and stale claims. The purpose of a statute of limitations is to require the prosecution of a *175 right of action within a reasonable time period to prevent the loss or impairment of available evidence and to discourage delay in the bringing of claims. Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc. (1975), 61 Ill.2d 129, 334 N.E.2d 160.
Bertha Willis argues that it is also unfair to the estate and its administrator to have to defend a paternity action after the putative father Charles Willis has died. Bertha Willis cites Toms v. Lohrentz (1962), 37 Ill.App.2d 414, 418, 185 N.E.2d 708, which held that a paternity act cannot be brought against a dead man, "nor can liability in any event be imposed under the statute on his estate in the absence of an adjudication of paternity during the lifetime of the father." Bertha Willis cites Reed v. Campbell (1986), 476 U.S. 852, 855, 106 S.Ct. 2234, 90 L.Ed.2d 858, which held that the state's interest in the orderly disposition of an estate may justify imposing special requirements on an illegitimate child who asserts a right to inherit and that such a circumstance justifies the enforcement of generally applicable limitations on the time and the manner in which claims may be asserted.
Petitioners distinguish Person and LeHew, stating that Person involved custody of a minor and LeHew involved a father seeking parental rights over a child. This case involves heirship. Petitioners contend it is the Probate Act of 1975 which governs this case, not the Illinois Parentage Act of 1984. They argue that therefore the statute of limitations in the parentage act is inapplicable.
Petitioners contend the Illinois Parentage Act of 1984 specifically addresses this potential conflict by exempting an heirship claim when it states: "This Act does not affect the time within which any rights under the Probate Act of 1975 * * * may be asserted beyond the time provided by law relating to distribution and closing of decedent's estates or to the determination of heirship, or otherwise." Ill.Rev.Stat. 1985, ch. 40, par. 2508(c).
The Probate Act of 1975 states that: "If a decedent has acknowledged paternity of an illegitimate person or if during his lifetime or after his death a decedent has been adjudicated to be the father of an illegitimate person, that person is heir of his father * * * If during his lifetime the decedent was adjudged to be the father of an illegitimate person by a court of competent jurisdiction, an authenticated copy of the judgement is sufficient proof of paternity; but in other all other cases paternity must be proven by clear and convincing evidence." Ill.Rev.Stat.1989, ch. 110½, par. 2-2.
Petitioners cite Cody v. Johnson (1980), 92 Ill.App.3d 208, 47 Ill.Dec. 818, 415 N.E.2d 1131, where the court considered whether Clifford Cody was proved by clear and convincing evidence to be the son of the deceased and whether the Probate Act of 1975, which permits adjudication of paternity of an illegitimate after the death of a father, denies equal protection or due process of law to collateral heirs. (Cody, 92 Ill.App.3d at 209, 47 Ill.Dec. 818, 415 N.E.2d 1131.) The Cody court affirmed the trial court's rulings in favor of the petitioner on both grounds, holding that the paternity determination was a proper finding and was not contrary to the manifest weight of the evidence (Cody, 92 Ill. App.3d at 213, 47 Ill.Dec. 818, 415 N.E.2d 1131) and that the Probate Act of 1975 does not violate due process or equal protection rights when it permits a paternity finding after the father's death. Cody, 92 Ill.App.3d at 213, 47 Ill.Dec. 818, 415 N.E.2d 1131.
In addition, Lanna Harris argues that to require each illegitimate child to go through a paternity proceeding, even if the child is acknowledged by a father, would foster needless litigation. Harris argues further that the purpose of a statute of limitations is to prevent stale claims (Tom Olesker's Exciting World of Fashion, Inc., 61 Ill.2d at 129, 334 N.E.2d 160.) and her claim cannot be stale since her cause of action under the Probate Act of 1975 did not accrue until after Charles Willis' death.
Lanna Harris argues that the purpose of the Parentage Act of 1984 is to provide an avenue to determine the identity of the *176 father, provide support for the child and prevent the child from becoming a public charge. Sullivan v. McGaw (1985), 134 Ill.App.3d 455, 459-60, 89 Ill.Dec. 540, 480 N.E.2d 1283.
We find that Cody governs our decision and that Bertha Willis has misread Person and LeHew. We do not believe the two cases mandate a paternity action before a court can consider heirship. Nothing in the plain language of either statute supports that conclusion. The statute of limitations section in the Illinois Paternity Act of 1984 specifically states that it does not apply to the right to determine heirship under the Probate Act of 1975. Ill.Rev. Stat.1985, ch. 40, par. 2508(c).
In addition, the Probate Act of 1975 permits the trial court to determine heirship for illegitimates by two means: through acknowledgment by the father during his lifetime or through adjudication determining parentage under the Parentage Act. If the determination is not made by a court of law, the evidence relied on must be clear and convincing. Ill.Rev.Stat.1989, ch. 110½ par. 2-2.
We find the trial court had subject matter jurisdiction to determine whether the petitioners provided clear and convincing proof that Charles Willis acknowledged the three petitioners as his daughters.
With regard to Linda Rowser and Lisa Brown, we find the evidence presented established that Charles Willis acknowledged both Linda Rowser and Lisa Brown as his daughters. The evidence relied on by the trial court included photographs of Linda, Lisa, their mother and Charles Willis all together, birth certificates naming Charles Willis as the father of both children, a Metropolitan Life Insurance policy identifying Linda as the mother of his grandchild and an IRA account naming Linda and Lisa as his daughters and as beneficiaries. The court also considered a card Charles Willis signed "granddad" which was sent to Lisa's daughter and the fact that the two petitioners were named as daughters in Charles Willis' obituary without any objection by Bertha Willis.
With regard to Linda Rowser alone, Bertha Willis contends that a court had already determined Linda Rowser was not Charles Willis' daughter. Bertha Willis bases this on the fact that the marriage of Rowser's mother to Charles Willis was annulled by the court on May 28, 1957, two days after Rowser was born. The annulment states that Rowser's mother, at the time of her marriage to Charles Willis, was pregnant by another man. Bertha Willis contends that when the trial judge granted the annulment, he determined "that someone other than Charles Everett Willis was her father." We disagree with this contention. Linda Rowser was never a party to the annulment proceeding involving her mother and Charles Willis. No guardian ad litem was appointed to protect her interests. We find that the issue of Linda Rowser's paternity was never adjudicated.
We hold that the trial court properly found that Linda Rowser and Lisa Brown were the acknowledged children of Charles Willis and we therefore affirm the trial court's order amending heirship to include them as his heirs.
As a separate issue, Bertha Willis contends that the amended order declaring heirship should be reversed with regard to Lanna Harris because Otis Harris, Lanna Harris' presumed father, was not served with a summons as required by section 2509.1(a) of the Illinois Parentage Act.
Section 2509.1(a) of the Illinois Parentage Act of 1984 provides: "In any action brought under Section 6 or 7 of this Act where the man signing the petition for an order establishing the existence of the parent and child relationship by consent or the man alleged to be the father in a complaint is different from a man who is presumed to be father of the child under Section 5, a notice shall be served on the presumed father in the same manner as summonses are served in other civil proceedings * * *" Ill.Rev.Stat.1989, ch. 40, par. 2509.1(a).
We find the language of the statute is clear with regard to when notice must be given. The statute states that notice is *177 required when an action is brought under sections 5, 6 or 7. That is not the case here. This is a probate action to establish heirship for purposes of inheritance and not a paternity action to establish support from a living father or his custody rights as to a minor child.
We also note that nothing in the record indicates that Otis Harris objected to the divorce decree which omitted Lanna Harris' name. Otis Harris did not appear in court at the divorce hearing or probate hearing and the record does not disclose that he has claimed his rights were violated. An error harmful to another who has not appealed cannot be charged as error by a party not affected by the error. In re Interest of Akers (1974), 17 Ill.App.3d 624, 626, 307 N.E.2d 630, 631.
Finally, Bertha Willis contends that the amended order declaring heirship should be void because evidence of Lanna Harris' illegitimacy was testified to by her mother and Illinois courts prohibit mothers from illegitimizing their children.
Trial court evidence proved Lanna Harris' mother was married to Otis Harris at the time Lanna was born. A child is presumed to have been fathered by the man to whom his mother is married but that presumption can be rebutted by clear and convincing proof. (In re Ozment (1978), 61 Ill.App.3d 1044, 1047, 18 Ill.Dec. 945, 378 N.E.2d 409.) What constitutes such proof depends on the particular circumstances of each case. Ozment, 61 Ill. App.3d at 1047, 18 Ill.Dec. 945, 378 N.E.2d 409.
Bertha Willis contends that Lanna Harris failed to rebut the presumption that Otis Harris is Lanna Harris' father because a mother's testimony alone cannot be used to illegitimize her child. People ex rel. Gonzalez v. Monroe (1963), 43 Ill.App.2d 1, 8, 192 N.E.2d 691. Though Bertha Willis' brief states that she is not asking the appellate court to decide whether Charles Willis was the natural father of any of the three petitioners, we recognize that this court must make such a determination to address the issues raised in this appeal. We are asked to determine whether the trial court's amended order of heirship should be voided.
Lanna Harris argues that testimony and exhibits admitted as evidence included more than Hagar Harris' testimony and in its totality the evidence is sufficient to rebut the presumption that Otis Harris is her father. Hagar Harris testified that Charles Willis was Lanna's father and testified that she had no contact with her husband during the time period she conceived Lanna Harris because her husband was in prison. If a husband had no access to his wife during the time of conception, the presumption that the husband is the natural father may be rebutted. Ozment, 61 Ill.App.3d at 1048, 18 Ill.Dec. 945, 378 N.E.2d 409.
Relatives and friends testified to the father-daughter relationship of Charles Willis and Lanna Harris. Life insurance policies signed by Charles Willis were submitted into evidence and listed Lanna Harris as Charles Willis' daughter. The trial court considered other evidence including photographs of the two together, Lanna Harris' birth certificate in which the father's name was omitted, the obituary on Charles Willis in which was named Lanna Harris as a daughter and the fact that Lanna Harris paid half the funeral costs for Charles Willis' burial. The court noted that the testimony was somewhat controverted as to the origin of the information for the obituary, but added that "this notice was present at the funeral during whatever services there were and that no one, specifically Bertha Willis, [raised] any questions or objections to it." The court considered two Metropolitan Life Insurance policies, one where Willis identified Lanna Harris as his daughter and another where Willis identified Lanna Harris as the mother of his grandchild. In addition, Hagar and Otis Harris' divorce decree, entered into when Lanna Harris was still a minor, provided for child support for three children but did not mention Lanna.
The trial court is in the best position to weigh this evidence and consider the credibility of witnesses. (Cody, 92 Ill.App.3d at *178 213, 47 Ill.Dec. 818, 415 N.E.2d 1131.) The trial court's finding was not against the manifest weight of the evidence which established that while alive Charles Willis acknowledged Lanna Harris, Linda Rowser and Lisa Brown as his daughters. We affirm the trial court's amended order declaring heirship to include Lanna Harris, Linda Rowser and Lisa Brown as heirs of the decedent.
JUDGMENT AFFIRMED.
RAKOWSKI, P.J., and McNAMARA, J., concur.