*In re* PETITION OF EDDIE PADIN (Eddie Padin, Petitioner-Appellant, v. Veronica Padin, a Minor, *et al.*, Respondents-Appellees).

Third District   No. 3—89—0123

Opinion filed January 26, 1989.

John L. Sullivan, of Chicago, for appellant.

Lucas, Brown & McDonald, of Galesburg (Dawn A. Conolly, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The petitioner-appellant, Eddie Padin, (Eddie) filed a petition to establish the existence of a parent-child relationship between himself and Veronica Padin, a minor. In addition, Eddie requested reasonable visitation rights. Following a hearing, the trial court granted the respondent-appellee's, Nilsa Maldonado's, motion to dismiss. Eddie

brought the instant appeal.

The record shows on February 21, 1978, Veronica Padin (Veronica) was born in Chicago, Illinois. According to her birth certificate, Veronica is the daughter of Eddie Padin and Nilsa Hernandez. Hernandez later married Jesus Maldonado. In September, 1984, Nilsa Maldonado and her husband filed a petition to adopt Veronica in the circuit court of Cook County. In the petition for adoption, Maldonado twice indicated that Eddie was Veronica's father. Following a hearing, the court denied the adoption petition. Sometime thereafter the Maldonados and Veronica moved to Knox County.

On September 21, 1988, Eddie petitioned the circuit court of Knox County seeking to establish paternity and visitation rights with Veronica. Maldonado filed a motion to dismiss the action claiming, pursuant to section 8(a)(2) of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1987, ch. 40, par. 2508(a)(2)) (the Parentage Act), that the statute of limitations provision therein barred Eddie's action. At the hearing on the motion to dismiss, Eddie orally moved for leave to amend his petition to omit the request to be declared Veronica's father and requested the court to determine only the visitation rights. The court denied the motion and dismissed the entire action, finding the action was barred by the statute of limitations provision of the Parentage Act. The court also denied Eddie's oral motion for leave to amend his petition. The issue on appeal is whether the trial court erred in granting Maldonado's motion to dismiss and denying Eddie's oral motion for leave to amend his petition.

■ Section 8(a)(2) provides "[a]n action brought on behalf of any person other than the child shall be barred if brought later than 2 years after the birth of the child. Failure to bring an action within 2 years shall not bar any party from asserting a defense in any action to declare the non-existence of the parent and child relationship." Ill. Rev. Stat. 1987, ch. 40, par. 2508(a)(2).

Maldonado asserts that section 8(a)(2) applies to this case because Eddie instituted this action pursuant to both the Parentage Act and the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 101 et seq.) (IMDMA). Section 9(a) of the Parentage Act (Ill. Rev. Stat. 1987, ch. 40, par. 2509(a)) provides: "In any civil action not brought under this Act, the provisions of this Act shall apply if parentage is at issue." Maldonado asserts that this section also applies in the instant case because both parentage and visitation are at issue. Maldonado asserts that Eddie is required to have filed an action to determine paternity within a reasonable time after the enactment of the Parentage Act in 1984. Maldonado argues that be-

cause a reasonable time for bringing an action cannot be greater than the two-year statute of limitations period, Eddie is barred from bringing this action, for over two years have elapsed from the date of the Parentage Act's enactment. According to Maldonado, therefore, the section 8(a)(2) statute of limitations in the Parentage Act applies and the court properly dismissed the case. We disagree.

Eddie contends that because parentage is not at issue, the statute of limitations contained in the Parentage Act does not apply. Eddie is the acknowledged father of Veronica. Maldonado, in the earlier adoption proceeding, did not dispute that Eddie was Veronica's father. In addition, Eddie is the named father on Veronica's birth certificate.

■ Matters of custody and parentage are separate legal issues. (*In re Marriage of Ingram* (1988), 176 Ill. App. 3d 413, 531 N.E.2d 97.) In *Ingram*, the court determined that under the facts of that case a parent-child relationship was presumed. The court noted that the child's birth certificate contained the alleged father's name. Likewise, in the instant case, Veronica's birth certificate, which Maldonado signed, lists Eddie as Veronica's father. We also note Veronica's last name is "Padin" and not Maldonado or Hernandez and that has never been disputed. Therefore, we do not believe parentage is an issue in this proceeding. Accordingly, the statute of limitations found in section 8(a)(2) of the Parentage Act does not apply in the instant case.

■ Maldonado also asserts that the court denied Eddie's petition due to an alleged violation of a local practice rule. Maldonado claims the court denied Eddie's oral motion for leave to amend his petition because he violated a local practice rule regarding proper notice. The record, however, does not support Maldonado's contention. The record indicates that the court denied the oral motion for leave to amend the petition due to a statute of limitations problem. Accordingly, we conclude Maldonado's contention that the trial court denied Eddie's oral motion for leave to amend his petition due to an alleged violation of a local practice rule is unsupported.

The second issue concerns the scope of the custody provisions set forth in section 602 of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1987, ch. 40, par. 602). Eddie contends that section 601(b)(1)(ii) of the IMDMA (Ill. Rev. Stat. 1987, ch. 40, par. 601(b)(1)(ii)) permits a petition for a parent seeking visitation rights. Eddie also asserts that section 602 of the IMDMA, which pertains to custody, has also been interpreted to apply to visitation rights. We agree.

■ The court addressed this issue in *In re Custody of Myer* (1981), 100 Ill. App. 3d 27, 426 N.E.2d 333. In *Myer*, the court stated

that visitation is a form of custody subject to the custody rules set forth in the IMDMA. Likewise, in the instant case, Eddie's visitation rights are to be determined by applying the custody rules set forth in section 602 of the IMDMA.

Maldonado claims that Eddie should be barred from allegedly going in and out of Veronica's life and thereby allegedly causing her emotional harm. Eddie contests this assertion and notes that he is not seeking custody; rather, he is seeking the opportunity to visit his daughter, who has been moved from Cook County to Knox County. We note that this is not an appropriate issue to be raised or decided on a motion to dismiss. What is to be determined by the trial court is what is in the best interest of Veronica. (Ill. Rev. Stat. 1987, ch. 40, par. 602.) Under these circumstances, therefore, we believe this dispute may properly be resolved by a hearing to determine what is in Veronica's best interest. A guardian *ad litem* should be appointed to represent Veronica in the future proceedings.

For these reasons the order of the circuit court of Knox County granting Maldonado's motion to dismiss and denying Eddie's oral motion for leave to amend his petition is reversed and the cause remanded for further proceedings consistent with the views set forth herein.

Reversed and remanded.

WOMBACHER and BARRY, JJ., concur.