*In re* S.L., a Minor (George Lamberis, Petitioner-Appellant, v. Tylishia Barnwell, Respondent-Appellee).

First District (6th Division)    No. 1—99—3192

Opinion filed February 1, 2002.

Michael S. Cohen, of Kalcheim, Schatz & Berger, of Chicago, for appellant.

No brief filed for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Petitioner George Lamberis appeals from the denial of his request for injunctive relief. Although respondent Tylishia Barnwell did not file an appellee's brief, we will consider this appeal pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

On May 25, 1995, S.L. (minor child) was born in Cook County, Illinois. The record indicates that respondent, the minor child's mother, and petitioner agree that petitioner was named on the birth certificate and in a 1997 administrative paternity order as the minor child's father. Respondent and petitioner were never married.

In August 1999, petitioner filed an emergency petition for custody, a temporary restraining order and a request for a preliminary injunction pursuant to sections 501(a), 601, 602 and 603 of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/501(a), 601, 602, 603 (West 1998)), to prevent respondent from removing the minor child from Cook County, Illinois, to Florida. The court granted his request for a temporary restraining order. Petitioner later moved to extend this order, but the court declared that, as a matter of law, it lacked the authority to entertain the entry of an order enjoining respondent from removing the minor child. The court transferred the cause to the parentage division.

After a pretrial conference in that division, the court entered an order denying petitioner's request for further injunctive relief based upon *In re Parentage of R.M.F.*, 275 Ill. App. 3d 43 (1995), and set a status hearing on the petition for custody for September 23, 1999. Petitioner appeals, contending that the trial court erred, failed to enforce the provisions of section 501.1(e) of the Marriage Act (750 ILCS 5/501.1(e) (West 1998)) and mistakenly treated this as a paternity case instead of a custody case.

■ In disputes involving custody, the general and foremost consideration is the best interests of the minor child. *Hall v. Hall*, 226 Ill. App. 3d 686, 689 (1991). This is true no matter the form of the proceedings used to determine custody, be it under the Illinois Parentage Act of 1984 (Parentage Act) (750 ILCS 45/1 (West 1998)) or the Marriage Act. *In re Custody of Bourey*, 127 Ill. App. 3d 530, 533 (1984); see *In re Custody of Townsend*, 86 Ill. 2d 502, 515 (1981) (generally, facts surrounding a minor child's life are merely factors used to ascertain what will serve best interests). Courts have granted natural but unmarried fathers several procedural routes to challenge custody and visitation. *Kapp v. Alexander*, 218 Ill. App. 3d 412, 415 (1991). These include the provisions of the Marriage Act once the father has legally established a father-child relationship. *Kapp*, 218 Ill. App. 3d at 415; see *In re Petition of Padin*, 193 Ill. App. 3d 554, 558 (1989) (when parentage is not in dispute (*i.e.*, legal presumption or judicial determination already exists), unmarried father may seek custody under Marriage Act).

*R.M.F.*, relied upon by the court below in the instant case, dealt with an issue of first impression involving an unmarried couple and the mother's desire to remove the minor child from Illinois. The court in that case analyzed whether sections of the Parentage Act or section 609 of the Marriage Act, which ensures that removal is in the minor child's best interests and is not done to frustrate the other parent, should apply to such a situation. The court found that the Parentage Act does not incorporate the Marriage Act and, thus, section 609 does not apply to unmarried parents. *R.M.F.*, 275 Ill. App. 3d at 52.

■ However, the court also declared that, regardless of whether a custody dispute is filed under either act, all such disputes are to be governed by the custody provisions of the Marriage Act. *R.M.F.*, 275 Ill. App. 3d at 50-51. To modify custody or visitation under the Marriage Act, the moving party must show (1) a change in the circumstances of the minor child and (2) that modification would be in the minor child's best interests. *R.M.F.*, 275 Ill. App. 3d at 50. Where the parents have never been married, the custodial parent's desire to leave Illinois with the minor child is sufficient to demonstrate a change

in circumstances, thereby meeting the first prong of the Marriage Act. *R.M.F.*, 275 Ill. App. 3d at 50-51. What is left, then, is an evaluation of the second prong, or a determination of the best interests of the minor child. *R.M.F.*, 275 Ill. App. 3d at 51. To accomplish this, the trial court would be required to hold a best-interests hearing under section 602 of the Marriage Act. *R.M.F.*, 275 Ill. App. 3d at 51.

Several cases follow the logic of *R.M.F. Hall*, which arose even before *R.M.F.* was decided, involved unmarried parents each seeking custody of their minor child. The court reasoned that the statutory factors of section 602 of the Marriage Act are key to determining the minor child's custody, regardless of whether the minor child's parents were ever married. *Hall*, 226 Ill. App. 3d at 689. Similarly, *Tysl v. Levine*, 278 Ill. App. 3d 431 (1996), was decided a year after *R.M.F.* and specifically relied upon that case. In *Tysl*, the parents of the minor child had never been married and the mother sought to remove the minor child to Georgia. In evaluating this situation, the court directed that pursuant to *R.M.F.*, section 602 of the Marriage Act must be used to determine custody, even where the parents were not, nor had ever been, married. *Tysl*, 278 Ill. App. 3d at 436-37. And most recently, *In re Parentage of Melton*, 314 Ill. App. 3d 476 (2000), followed this same line of reasoning. In that case, the mother sought to remove the unmarried couple's minor child to Vermont and the father sought to enjoin the removal. The court, referring to *R.M.F.*, stated that while the Parentage Act does not incorporate section 609 of the Marriage Act, a court considering the custody of a minor child "must look to the factors applicable to custody determinations" as set out in section 602 of the Marriage Act, regardless of which act (the Parentage Act or the Marriage Act) is the basis for the cause of action. *Melton*, 314 Ill. App. 3d at 480-81 (section 602's factors for determining custody guide all custody determinations because they are the " 'relevant standards' " for determining custody).

▮ In the instant case, petitioner and respondent were never married nor does the record reflect that legal custody of the minor child has ever been established in either party. However, petitioner's emergency petition for the restraining order and injunction and respondent's cross-petition for custody both agree that petitioner was named on the birth certificate as the minor child's father and that an administrative paternity order was entered finding him to be the minor child's father. Because of these judicial determinations and legal presumptions, petitioner, having established a father-child relationship, may seek custody under the Marriage Act.

Pursuant to *R.M.F.*, then, respondent's desire to remove the minor child from Illinois to Florida is sufficient to demonstrate a change in

circumstances, thereby meeting the first prong of the Marriage Act. Now, what is left unresolved is the determination of the minor child's best interests regarding removal. The holdings of *R.M.F.*, *Hall*, *Tysl* and *Melton* make clear that a best-interests hearing under section 602 of the Marriage Act must be conducted here, regardless of whether the parties were ever married or what act petitioner relies upon for this cause of action.

Accordingly, the judgment of the circuit court of Cook County is reversed and this cause is remanded for further proceedings in the trial court to determine the best interests of the minor child under section 602 of the Marriage Act regarding removal from this state.

Reversed and remanded with directions.

GALLAGHER, P.J., and CAMPBELL, J., concur.